CHARLES DOLPHIN *vs.* CHARLES PLUMLEY & others.

Hampden.    September 22, 1896. — November 24, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Master and Servant — Due Care — Negligence — Law
and Fact.*

A., a man fifty years old, who had had experience in sawmills, attempted to pass
from one end to the other of a mill where he had worked about two months,
through a space about two feet wide between a circular saw four feet in diame-
ter and the handle bar which controlled the speed of the saw.  To go by the
saw it was necessary for him to pass over a movable platform.  While crossing
the platform it sank down a little, he fell, his hand struck the saw, and he was
injured.  His employer, about twenty minutes before, had taken up the plat-
form for the purpose of getting at the machinery below.  The way taken by A.
was the way ordinarily used, not only by the workmen, but by the employer.
*Held*, in an action by A. against his employer for his injury, that the questions
of the plaintiff's due care and of the defendant's negligence were for the jury.

TORT, for personal injuries received by the plaintiff while
in the employ of the defendants in their sawmill.  Trial in the
Superior Court, before *Dewey*, J., who, at the close of the evi-
dence for the plaintiff, upon the request of the defendants, ruled
that the plaintiff was not entitled to recover, and directed the
jury to return a verdict for the defendants ; and the plaintiff
alleged exceptions.  The facts appear in the opinion.

The case was argued at the bar in September, 1896, and after-
wards was submitted on briefs to all the judges.

*H. Fuller*, (*F. A. Ballou* with him,) for the plaintiff.

*H. W. Ely*, (*A. S. Kneil* with him,) for the defendants.

LATHROP, J.    There is nothing to show upon what ground
the ruling below was given.    We have before us what appar-
ently is a stenographic report of the evidence, with much imma-
terial matter not stricken out, and with much left in that is not
intelligible, owing to the manner in which the examination was
conducted when a plan was exhibited to a witness and he was
asked concerning it.    For example, if the witness is asked
where he stood at a given time, the answer is, " Here (show-

ing) " ; or if he is asked, " Which way did you go ? " the witness's answer is taken down, " Right across here (showing)." This method of taking down the evidence continually appears; and there is nothing on the plan to show to what the evidence refers. It is, therefore, with some hesitation that we have concluded to consider the case without sending back the exceptions for amendment.

The declaration contains two counts, one at common law, and one under the St. of 1887, c. 270, § 1, cl. 1.

There was evidence, which the jury might have believed, which would tend to show the following facts.

The plaintiff was a man fifty years old, who had had experience in similar mills, and had been in this mill about two months, and was well acquainted with it. He sustained the injury complained of by attempting to pass from one end of the mill to the other, through a space about two feet wide, between a circular saw four feet in diameter, and the handle bar which controlled the speed of the saw. To go by the saw, it was necessary for him to pass over a movable platform or apron, the purpose of which was to prevent splinters and chips thrown off by the saw from falling below and clogging the machinery. While crossing the apron it sank down a little, he fell, and his hand struck the saw, and he lost some of his fingers. It appeared that the first named defendant, about twenty minutes before, had taken up the apron for the purpose of getting at the machinery below, and the jury might have found that he did not restore it to its place, and that this was negligence on the part of the defendants, if they allowed this apron to be used as a way for passing from one end of the mill to the other.

The principal difficulty in the case is in regard to the question of due care on the part of the plaintiff. To pass in such close proximity to the saw was obviously dangerous, and if other ways had been provided we should hesitate to reverse the ruling below. The defendants' counsel assert in their brief that there were other ways, and this may have been the fact. The evidence as to another way inside of the building came from the plaintiff on cross-examination, but he testified that this way was occupied by the carriage upon which a log is carried, and that the head blocks on this would cut a man's legs off; that,

when there was a six-inch log in, there would be a foot in which to walk; and that the log on the carriage at the time of the accident was eighteen or twenty inches thick. The only other way of which there was any evidence was to go around on the outside of the mill. As to this the plaintiff testified that there was a pile of slabs, over sixty cords, and lumber, from the end of the mill around which he would have to go; and that Plumley had forbidden his going that way.

There was evidence that the way the plaintiff took was the way ordinarily used, not only by the workmen, but by the first named defendant.

In *Willetts* v. *Watt,* [1892] 2 Q. B. 92, 98, Lord Esher, M. R., said : " The course which a workman would in ordinary circumstances take in order to go from one part of a shop, where a part of the business is done, to another part where business is done, when the business of the employer requires him to do so, must be regarded as a ' way ' within the meaning of the statute."

It is obvious that the risk which the plaintiff took was the risk in crossing when the platform was in position, and not the risk of crossing when the platform was negligently out of position, unless it should appear that it was liable to be out of position, and he knew it or ought to have known it.

In deciding this case we have not laid stress upon the fact that the plaintiff had been ordered on previous occasions to use this way, as it appears that he was not so ordered on this occasion. See *Haley* v. *Case*, 142 Mass. 316, and cases cited.

We are of opinion, therefore, that there was evidence, which should have been submitted to the jury, bearing upon the question of due care on the part of the plaintiff and negligence on the part of the defendants.

While no question of pleading was raised at the trial below, yet, as the case must be tried again, it may be well to point out that it is not clear that the cause of the accident falls within the declaration on the St. of 1887, c. 270, § 1, cl. 1.* See *Willetts* v. *Watt*, [1892] 2 Q B. 92, 98.	*Exceptions sustained.*

---

* This count of the declaration alleged that on March 26, 1895, the defendants were operating a certain sawmill in Westfield, " and the plaintiff was in the employ of the defendants and operating said mill; that by reason of some defect in the condition of the ways, works, and machinery connected

---

with and used in the business of the defendants, which arose from or had
not been discovered or remedied, owing to the negligence of the defendants
or of some person in the service of the defendants and intrusted by them
with the duty of seeing that the ways, works, and machinery were in proper
condition, the plaintiff, while in such employ, and while in the exercise of
due care and diligence, was severely injured."