FREMONT YOUNG *vs.* OLIVER A. MILLER.

Plymouth.     October 20, 1896. — January 5, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Assumption of Risk.*

An employer is not bound to give notice when a trap door in a passageway used
by his workmen is open out of working hours to a workman who knows that
the trap door is there and likely to be opened from time to time.

TORT for personal injuries occasioned to the plaintiff while in
the defendant's employ.   The declaration was at common law.
Trial in the Superior Court, before *Sheldon*, J., who, at the re-
quest of the defendant, ruled that the action could not be main-
tained and directed a verdict for the defendant; and the plaintiff
alleged exceptions, in substance as follows.

The plaintiff had been employed by the defendant in the de-
fendant's factory in Brockton for nine years.   He was a general
workman; and it was a part of his duty to make the tools used
by the other employees.   In the course of this work he was ac-
customed to go frequently to that part of the factory called the
machine room, entrance to which was gained by a door leading
directly from the hallway in the factory.   In front of this door,
and eight inches from it, there was a trap door in the floor of
the machine room, which was used to give access to a pit in
which was placed a blower.   This trap door was four feet six
inches in length, and four feet two inches in width.   It was
made in two sections, each two feet one inch in width and four
feet six inches in length.   These sections when closed were level
with the floor, and formed part of it, and were safe to walk upon.
On May 17, 1895, during the noon hour, when the plaintiff was
not required to work, while the defendant's engineer was in the
pit cleaning the blower, and while one of the sections of the trap
door was up, the plaintiff came through the hallway, opened the
door leading into the machine room, and walked into the pit.
The section of the trap door had been left open by the engineer

in order that he might have sufficient light for his work.    The opening in the floor for the trap door had been cut by the plaintiff himself about one year and a half before the accident, and the plaintiff had assisted in putting the blower into the pit through the trap door.

The case was argued at the bar in October, 1896, and afterwards was submitted on briefs to all the judges.

*R. O. Harris,* for the plaintiff.

*J. Lowell, Jr.,* for the defendant.

HOLMES, J. The plaintiff knew the permanent elements of the danger to which he was exposed.    He knew that the trap doors were where they were, and that they were likely to be opened from time to time.    The doors of themselves were not a defect, and he took the risk of them.    The only thing he did not know was the precise moment when the doors would be raised, but that he could find out if he looked.    They were raised and the accident happened during the noon hour, at which time the plaintiff was not called on to work.    A majority of the court are of opinion, although I share the doubts of the minority, that the defendant's duty did not extend to giving notice or warning that the doors were open to one who knew that they were liable to be so at any time.    See *Keenan* v. *Edison Electric Illuminating Co.* 159 Mass. 379; *McCann* v. *Kennedy, ante,* 23.

*Exceptions overruled.*