JOHN D. JOHNSON *vs.* FIELD–THURBER COMPANY.

Middlesex.   January 13, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Action — Due Care — Negligence — Law and Fact.*

An employee in a shoe factory, who, in going from the floor on which he works to the engine-room on the floor below to get some oil for the machine of which he has charge, is injured by falling through an open trap-door in a dark passageway leading to the engine-room, of the existence of which he is ignorant, although he has worked there about four weeks, and used the passageway daily, and is walking quickly without looking at the floor, is entitled, in an action against his employer for his injuries, to go to the jury upon the questions of his due care and his employer's negligence.

It cannot be ruled, as matter of law, in an action for personal injuries occasioned to the plaintiff while in the defendant's employ, by falling through an open trap-door left unguarded by a fellow servant who opened it, that the latter was negligent, if it does not appear that any guards were furnished by the defendant.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. Trial in the Superior Court, before *Mason*, C. J., who ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*S. K. Hamilton & M. S. Case*, for th  plaintiff.

*J. Lowell*, for the defendant.

LATHROP, J. The plaintiff was injured by falling through an open trap-door in a passageway in the defendant's shoe factory. The negligence of the defendant alleged is in not informing the plaintiff of the existence of the trap-door. There was evidence tending to show the following facts. The plaintiff was in the defendant's employ, and had charge of a machine. On the morning of the accident, he went to the defendant's factory as usual, fifteen minutes before the hour of beginning work, adjusted the belts of the machine, and started to oil it, but finding his oil-cup empty, took it in his hands and started for the engine-room to fill it. It did not appear that there was any supply of oil other than that kept in the engine-room. To reach this room it was necessary for the plaintiff to go down a flight of stairs to the first floor of the factory, turn to the right, and pass through the main entrance and a passageway to the engine-room door. Seven feet from the entrance to the passageway, and four feet from the door of the engine-room was a trap-door in the floor of the passageway, four feet square. Below was the cellar  The plaintiff had been in the defendant's employ about four weeks, and had occasion every day to use the passageway. He testified that he did not know of the existence of the trap-door before the accident. The plaintiff also testified that he went at a quick walk, and did not look to the right or left, or look to see what was on the floor, or whether there was any leather or obstruction of any kind in the passageway. The trap-door was in a dark place, and the morning was dark. At the time the plaintiff was using the passageway, the trap-door was open, another employee of the defendant being in the cellar getting out some stock. The plaintiff fell through the opening, and was injured. There was also evidence that the power in the factory started at seven o'clock, and that each employee was

ordered to be at his machine, prepared to run. it, when the power started.

We are of opinion that, while there was evidence in the case to contradict some of the evidence for the plaintiff, there was evidence on which the jury might have found that the plaintiff was in the exercise of due care, and that the defendant was negligent. The case resembles closely that of *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 225, and differs from that of *Young* v. *Miller*, 167 Mass. 224.

The defendant contends that the plaintiff, because he had worked in shoe factories for thirty years, ought to have known that there was a cellar beneath, and a trap-door leading thereto somewhere in the basement. But there was no evidence either that such factories usually had basements, or that, if they had, it was customary to put the trap-door in a dark passageway.

The defendant further contends that the leaving of the trap-door open was the negligent unauthorized act of a fellow servant. Whether the act was unauthorized depended upon whether the jury believed a witness for the defendant; and the jury were not bound to believe him. A foreman of the defendant testified that the trap-door was used on an average about three times a week, and from five to ten minutes at a time. The jury might, therefore, find that it was expected to be used. As to the negligence of a fellow servant, it cannot be said, as matter of law, that the servant was negligent in leaving the trap-door open unguarded, if no guards were furnished by the defendant; and it does not appear that any were furnished.

Nor can it be said, on the evidence, that the plaintiff went where he had no business to go at that time in the morning. We have already recited the evidence on this point, and need not repeat it.

*Exceptions sustained.*