PATRICK WHALEN *vs.* MYRON L. WHITCOMB & another.

Essex.    November 7, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

In an action by an employee in a shoe factory to recover from his employer for
injuries caused by his foot slipping in a depression in the concrete floor of a
passage between two machines, it appeared that the plaintiff had been at work
in the room where the accident occurred for six months, and for the two weeks
preceding the accident was employed on work that required him to pass over
this passage every day and it might be many times a day. The depression was
filled with leather dust of a darker color than the concrete and appeared to have
existed at the time the plaintiff entered the employ of the defendant and con-
tinuously until the time of the accident. *Held*, that the risk of injury from this
defect was obvious and was assumed by the plaintiff.

TORT to recover for personal injuries received by the plaintiff
while in the employ of the defendants by reason of one of his
feet slipping into a depression in the concrete floor of the defend-
ants' shoe factory, causing him to strike his knee against the
wheel of a dieing out machine. Writ dated July 29, 1898.

At the trial in the Superior Court, before *Bishop*, J., evidence
was presented of which the substance is stated in the opinion of
the court. A dieing out machine is used to cut out with a die
pieces of leather to be used in making shoes.

At the close of the evidence, the jury by order of the judge
returned a verdict for the defendants ; and the plaintiff alleged
exceptions.

*H. J. Cole*, (*W. S. Peters* with him,) for the plaintiff.

*C. A. DeCourcy & J. H. Pearl*, for the defendants.

HAMMOND, J.    While passing over a passageway three feet
in width between two dieing-out machines the plaintiff slipped
upon the edge of a depression varying in depth from one and a
half to three inches in the concrete floor of the passageway, his
knee struck against a wheel upon one of the machines and he
was injured. At the time of the accident he was about fifty
years of age. He had been at work in this room more or less
for more than six months, and for at least two weeks imme-
diately preceding the accident his work had been of such a
character as to make it necessary or convenient for him to pass

over this way every day and "it might be a great many times a day."

A civil engineer called by the plaintiff testified, from actual measurements made by him, that the depression extended out into the passageway from four to ten inches and was "a little rounding on the edge and then dropped down." It also appeared that the depression was filled with leather dust of a darker color than the concrete. The evidence tended to show that the depression existed at the time the plaintiff first entered the employ of the defendants, and had so continued up to the time of the accident, and the plaintiff made no contention to the contrary. There was some question as to light, but it is plain that upon this evidence the jury would not be warranted in finding that the place was dark enough to obscure materially the view.

Taking into consideration the nature of this defect, the frequency with which the plaintiff passed over or near it and the fact that it had existed during the whole time of the plaintiff's employment, we think that the plaintiff assumed, as one of the obvious risks of his employment, the risk of injury arising from it. The case is plainly distinguishable from *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 225, and *Johnson* v. *Field-Thurber Co.* 171 Mass. 481, upon which the plaintiff relies, and must be classed with *Murphy* v. *American Rubber Co.* 159 Mass. 266 ; *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153 ; *Kleinest* v. *Kunhardt*, 160 Mass. 230 ; *Nealand* v. *Lynn & Boston Railroad*, 173 Mass. 42; *Hoard* v. *Blackstone Manuf. Co.* 177 Mass. 69, and similar cases.

*Exceptions overruled.*