TIMOTHY HORRIGAN vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   November 20, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Employer's liability.

A street railway company is not liable to a car cleaner employed in one of its car
houses for injuries from falling through an opening in the floor of the car house
from which an iron ventilating grating had been removed by another of its car
cleaners who carelessly neglected to replace it.

TORT by a car sweeper employed by the defendant for in-
juries from falling through an opening in the floor of the
Reservoir car house of the defendant at Brookline.    Writ
dated March 16, 1903.

At the trial in the Superior Court before *Richardson*, J. it
appeared that the plaintiff at about five o'clock in the morn-
ing of February 10, 1903, was engaged in affixing advertising
signs to the dashers of cars in the car house, and found it neces-
sary to go to a switch board to turn on the electric lights in
a part of the building that was dark; that in the floor of the
passageway leading to the switch board there usually was an
iron ventilating grating eighteen inches by twenty-four inches
set flush with the floor; that this was one of a number of
such gratings put in to keep the floor dry, there being a cellar
air space underneath; that this grating had been taken up on
the previous afternoon by another car sweeper, who had put
some dirt down the hole and left the grating out of place,
leaning against the wall; and that the plaintiff proceeding in
the darkness through the narrow passage fell through the grate
hole a distance of six or seven feet and was injured.

At the close of the plaintiff's evidence the judge ordered a
verdict for the defendant; and at the request of the parties
reported the case for determination by this court, with a stipu-
lation of the parties that if on the evidence the jury would
have been warranted in finding a verdict for the plaintiff, judg-

ment was to be entered for the plaintiff in the sum of $2,000; otherwise, judgment was to be entered for the defendant.

*R. H. Sherman,* (*C. C. Johnson* with him,) for the plaintiff.

*E. P. Saltonstall,* (*S. H. E. Freund* with him,) for the defendant.

HAMMOND, J. There was no evidence of the negligence of the defendant. The plaintiff did not contend that the grating was a defect in the floor. It was there properly as a ventilator, and was not intended for any other purpose. It was removed without the defendant's authority, by the plaintiff's fellow employee, who carelessly neglected to replace it. The defendant as against the plaintiff was not bound to anticipate that it would be so used.

*Judgment on the verdict.*