JAMES W. LUNDERGAN *vs.* GRAUSTEIN AND COMPANY.

Middlesex.    November 16, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability, In driving horse.

At the trial of an action by a driver of a horse and wagon against his employer, the owner of the team and equipment, to recover for injuries caused by the plaintiff's being dragged from the wagon by the horse because a part of the harness broke, there was evidence tending to show that the plaintiff was of mature years and long experience as a driver, that it was no part of his duty to inspect the harness, and that it was his duty to use the harness which was given to him, that he thought the harness was sound and strong; that the defendant employed a superintendent, a foreman, and a harness maker as repairer; that on the end of each trace was a chain, which the plaintiff was accustomed to fasten into a hook on the whiffletree of the wagon so that, as he testified, it would not "slip off," although it was "liable to get off the wagon some way or other"; that on the occasion of the accident one of the traces slipped off from the whiffletree, the plaintiff pulled the horse up quickly on a level street, the back strap of the harness broke because it was defective, and the horse ran forward, dragging the plaintiff. *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury; *and also,* that the duty of the defendant properly to repair the defective harness was not one of which the defendant could rid himself by delegating it to a fellow servant of the plaintiff.

TORT for personal injuries received by the plaintiff, an employee of the defendant, by reason of his being dragged from the seat of a milk wagon which he was driving for the defendant because a part of the harness broke, as stated in the opinion, with counts at common law and under R. L. c. 106, § 71, cl. 1, 2. Writ in the Superior Court dated February 14, 1908.

The case was tried before *Hitchcock,* J. The facts are stated in the opinion. At the close of the evidence, the defendant requested the presiding judge to instruct the jury as follows:

"1. Upon all the evidence in the case the plaintiff cannot recover. . . .

"4. If you find that the trace came off because the plaintiff had not put the link over the hook, he cannot recover."

The presiding judge refused to give the instructions requested. The jury found for the plaintiff; and the defendant alleged exceptions.

*J. Lowell,* (*J. A. Lowell* with him,) for the defendant.

*James J. McCarthy,* for the plaintiff, was not called upon.

RUGG, J.   This is an action of tort.   The plaintiff was a man of mature years and long experience as a driver.   While he was driving a gentle horse at a walk on a street in Boston, he noticed that one trace was off the whiffletree and he " pulled the horse right up quick, pulled her up so she was almost standing."   The back strap of the harness broke, and thereby the plaintiff received his injuries.

1.   There was evidence enough to support a finding that the plaintiff was in the exercise of due care.   The testimony was conflicting, but the jury might have found that it was no part of the plaintiff's duty to inspect the harness ; that he had no duty of care for it other than to report anything wrong which he might see ; that the defendant employed a superintendent, a foreman, and a harness maker as repairer ; and that the only duty of the plaintiff was to harness and unharness his horse, oil the wagon and drive ; that the harness which broke had come from the defendant's harness maker about ten days before the accident, and that the plaintiff supposed it to be sound and strong. If these were found to be the facts, there was no failure of duty on the part of the plaintiff in not discovering the weakness of the back strap.   The defendant urges that the plaintiff was careless in harnessing, so that the trace became unhitched, and in bringing the horse to a stop too suddenly.   The plaintiff testified that the traces had chain ends, the links of which went on the hook of the whiffletree, and that he could put the links over the hook and " then the trace would not have slipped off, he had fixed it this way before ; he had so fixed it on the morning of the accident "; that he " always [had] done that " ; that then it would not " slip off," but was " liable to get off the wagon some way or other."   It could not be ruled as matter of law that this constituted negligence.   The inference was warranted that, even when the chain was fastened in the most careful way practicable, it might get off the whiffletree.   Nor can the sudden stopping of the horse be said as matter of law to be careless.   It was dangerous to continue driving upon a thoroughfare with one tug unhitched.   It was the plaintiff's instant duty to prevent this hazard.   The jury well might have found that

he had no reason to suppose that the harness would break if he brought his horse quickly to a stop on a level street. *Hannan* v. *American Steel & Wire Co.* 193 Mass. 127. *Palmer* v. *Coyle,* 187 Mass. 136, 139.

2. The circumstances of the plaintiff's work justified a finding that the defendant undertook to furnish him with a safe harness. He was given no opportunity for selection, but must use that which was given him. There seems to be now no controversy between the parties as to its being neglected and out of repair in the part which gave way. The failure to replace a worn out part may have been found to have caused the injury. If so, it was a neglect on the part of the defendant not to see that such repair was made. It could not delegate such a duty to a servant so as to relieve itself from responsibility. *Moynihan* v. *Hills Co.* 146 Mass. 586.

*Exceptions overruled.*