JOHN TREPANNIER *vs.* FLAVIEN COTE.

Bristol.    November 14, 1910.— January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability, Independent contractor.

In an action, against a person alleged to have been the plaintiff's employer, for personal injuries caused by the collapse of a barn in process of construction, which had been erected negligently by one P., the defendant contended that P. was an independent contractor, and the plaintiff contended that P. was the defendant's superintendent. P. died before the trial. A witness testified that P. told him that he was "running the job," and that he was foreman. The plaintiff testified that he went to work on a certain day, that on the previous day he asked the defendant "for a job" on the barn and that the defendant said, "Go and see P.," to which the plaintiff answered, "I went to see him and he told me to come and see you, he wasn't hiring the men," and that the defendant then said "Go and see him and tell him it is I told you to

come there," that the plaintiff went to P. and was hired on that day and went to work on the morning of the next day. P.'s son testified that "the job started" on the day on which the plaintiff testified that P. hired him, and the defendant testified that the contract with P. was made on the morning of the next day, on which the plaintiff testified that he went to work. So far as appeared, the only agreement of hiring which the plaintiff made was that to which he testified as above. There was evidence that after the accident by which the plaintiff was injured the defendant took the plaintiff home in his buggy, or hired his brother to do so and paid him for it. *Held,* that there was evidence that the plaintiff's injuries were caused by the negligence of a superintendent of the defendant, which warranted a verdict for the plaintiff.

TORT, by a carpenter against his alleged employer, for personal injuries sustained on October 24, 1908, caused by the collapse of a barn in process of construction on Eastern Avenue in Fall River, in which the plaintiff was at work. Writ dated December 16, 1908.

In the Superior Court the case was tried before *Fox*, J. The defense relied upon was that one Perrault, who was in charge of the construction of the barn, was an independent contractor. The evidence upon this question is stated in the opinion.

At the close of the evidence the defendant asked the judge to rule that upon the pleadings and the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling. The plaintiff waived all except the third count of his declaration, which alleged negligence of a superintendent, and the judge submitted the case to the jury on that count.

The jury returned a verdict for the plaintiff in the sum of $175 ; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. A. Dubuque*, for the defendant.

*A. G. Weeks*, for the plaintiff.

LORING, J. The plaintiff in this case was injured by the collapse of a barn while in process of construction. One Perrault was in charge of the work. The evidence warranted a finding that the collapse of the barn was caused by the negligent method of erection pursued by Perrault. The defendant contended that Perrault was doing the work as an independent contractor, and the only question here is whether there was evidence that the plaintiff was hired by the defendant and not by Perrault as an independent contractor.

If Perrault was not an independent contractor he was or could

have been found to be a superintendent of the defendant. We are of opinion that there was evidence of that fact. Perrault was dead at the time of the trial. One witness testified that " Perrault always told me that he was running the job ; he was foreman." In addition the plaintiff testified that he went to work on October 20 ; that on October 19 he asked the defendant " for a job " on the barn and the defendant said " Go and see Perrault." To which the plaintiff answered : " I went to see him and he told me to come and see you, he wasn't hiring the men," and the defendant replied, " Go and see him and tell him it is I told you to come there." That he then went to Perrault and was hired on that day and went to work on the morning of the next day, the twentieth. Perrault's son testified that " the job started on the nineteenth of October," and the defendant's story was that the contract with Perrault was made on the morning of the twentieth. Not only was the plaintiff hired the day before the contract was made and seemingly at an earlier hour on that day, but so far as appears this was the only agreement of hiring which the plaintiff made. There was also evidence that the defendant took the plaintiff home in his buggy after the accident, or hired and paid his brother, a livery stable keeper, for doing so. This could be taken to be an admission that he was the person interested.

*Exceptions overruled.*