### Charles White *vs.* John C. Newborg.

Suffolk.   January 12, 1911. — March 3, 1911.

Present : Knowlton, C. J., Loring, Braley, Sheldon, & Rugg, JJ.

*Agency*, Existence of relation.   *Negligence*, Employer's liability.

At the trial of an action where a material issue is, whether the plaintiff was employed by the defendant, if there is evidence tending to show that the plaintiff, before going to work, asked the defendant, who " was engaged in building three houses on a parcel of land, the title to which stood in his wife's name," " Are you the boss ? " and that, receiving an affirmative reply, he asked further " Is it all right to go to work ? " to which the defendant replied, " Sure, I want three or four men.   This is a hurry job " ; that the defendant furnished to the foreman of the job pay envelopes which the foreman handed to the men and that the defendant gave some directions as to the way in which the work should be done, the jury is warranted in finding that the plaintiff was in the employ of the defendant.

A carpenter who is injured by the fall of a staging upon which he is at work, due to a decayed condition of a bracket, may be found to have been in the exercise of due care if he had nothing to do with the putting up of the staging and if the defect which caused it to fall was not one which a reasonable external examination by him would have revealed.

At the trial of an action at common law by a carpenter against his employer to recover for personal injuries caused by the falling of a staging upon which the plaintiff was working, there was evidence tending to show that the staging fell because of a decayed condition of one of the brackets of which it was built, that the defendant had owned a number of brackets, among which was the decayed one, for several years, and that his foreman had told him, before the staging was built, that they were " very bad brackets," to which the defendant had replied " You will have to patch them up the best way you can " ; that the brackets then were tested, several were rejected, others were repaired and all of those not rejected necessarily were used ; that fellow employees of the defendant subjected the brackets used to a test, which might have been found to have been inadequate to discover the defect which existed or to have been applied negligently.   *Held*, that the duty to provide the plaintiff with a reasonably safe place to work was one personal to the defendant, which he could not delegate to another, and therefore that it was no defense that the accident was caused by the negligence of a fellow servant of the plaintiff and the question of the defendant's liability was for the jury.

Tort for personal injuries alleged to have been received by the plaintiff while in the defendant's employ as a carpenter and due to the falling of a staging upon which he was working. Writ dated July 27, 1907.

In the Superior Court the case was tried before *Harris*, J.

It appeared that " the defendant was engaged at the time of the accident in building three houses on a parcel of land, the title to which stood in his wife's name." Other material facts are stated in the opinion. There was a verdict for the plaintiff upon a count in the declaration alleging negligence of the defendant at common law; and the defendant alleged exceptions.

*J. F. Cronin*, for the defendant.

*S. C. Brackett*, for the plaintiff.

. RUGG, J. 1. There was evidence sufficient to support a finding that the plaintiff was in the employ of the defendant. The plaintiff testified that before he went to work he asked the defendant, " Are you the boss? " On receiving an affirmative reply, the plaintiff asked, " Is it all right to go to work? ", to which the defendant answered, " Sure, I want three or four men. This is a hurry job." There was also evidence that the defendant furnished to the foreman pay envelopes which the latter handed to the men, and that the defendant gave some directions about the way in which the work should be done. There was also ample evidence from which it might have been found that the defendant made a contract with one Hopey to furnish all the labor for the building. But in the light of all the testimony, it could not have been ruled as matter of law that the plaintiff was not in the employ of the defendant. It was a fact to be settled by the jury. *Lewis* v. *Coupe*, 200 Mass. 182. *Trepannier* v. *Cote*, 207 Mass. 484.

2. The plaintiff may have been found to have been in the exercise of due care. He had nothing to do with putting up the staging which fell, and there was nothing about its external appearance which a reasonable examination by him would have revealed.

3. The only remaining question now material is whether there was any evidence to support a finding that negligence, for which the defendant was responsible, caused the injury to the plaintiff. He was hurt by the breaking of a bracket used to support a staging. There was testimony to the effect that the bracket, which was made of two pieces of wood fastened together so as to make a right angle, with a brace between the two near their outer ends, was broken, at the joining of the brace with the horizontal piece of the bracket as it was put on the build-

ing, and appeared to be decayed,· and that this, with other brackets, had belonged to the defendant for several years, and when he brought them to the house, he was told by the foreman that they were " very bad brackets." He replied, " You will have to patch them up the best way you can." The brackets were then tested, several rejected, others repaired, and when the plaintiff was injured all were necessarily in use. Hence, this is not a case of a sufficient stock of implements furnished from which employees were to make selection.

It might have been found to be a failure of duty not to discover a decayed condition of wood which is to support a staging. The testing which was described may have been found to have been not directed to this end, nor adapted to discover such a defect.* It was an obligation personal to the defendant as employer to provide a reasonably safe place for the plaintiff to · work, the performance of which under the circumstances of the present case he could not delegate to a servant in such a way as to wholly exonerate himself. If furnishing a place of safety depends upon inspection and tests, these must be done with such intelligence and skill as the nature of the work and the consequence of dereliction in way of injury to others may reasonably demand. So far as this is done through servants, they act as to other employees not under the fellow servant rule, but as the representative of the master, for whose care he is responsible. If the foreman of the defendant or the others to whom he entrusted the duty of inspecting, testing and repairing the brackets failed to exercise reasonable diligence, he is responsible even though he gave sufficient directions and employed competent servants. *Moynihan* v. *Hills Co.* 146 Mass. 586. *Erickson* v. *American Steel & Wire Co.* 193 Mass. 119, 125. *Lundergan* v. *Graustein*, 203 Mass. 532. *Rosseau* v. *Deschenes*, 203 Mass. 261.

*Exceptions overruled.*

---

* The test was described as follows: " The test is made by placing the lower end of the upright on the ground, then by taking hold of the outer end of the horizontal and putting all your weight on that end. If the bracket is loose at the joint where the brace joins the horizontal or the upright when put to this test will sometimes crush out entirely and when it is loose there and does not crush out entirely it will work over on the joint and give and they consider it unfit for use and throw it away."