JAMES CONDON vs. JOSEPH A. GAHM & another.

Suffolk.    January 26, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

In an action by a teamster against his employer for personal injuries sustained by reason of a fall caused by the breaking of a strap which the plaintiff was tightening around some barrels on the tail board of his wagon, it appeared that the plaintiff had been in the employ of the defendant for about three weeks, that the strap was in two pieces, one attached on each side of the wagon, and commonly hung under the wagon buckled together in the middle, that the plaintiff had not used this strap until the time of the accident, when 'it broke as he first attempted to tighten it, that the defendant had no stock of straps on hand but purchased a new one whenever needed, and that he employed no inspector of wagons and harnesses.    A part of the strap was in evidence and seemed from its appearance to have been subjected to somewhat prolonged and severe use.    The defendant testified that he depended upon his driver to look after the wagon and all its attachments and to report any defects, but he did not say that he had notified the plaintiff of this, and it did not appear that the plaintiff understood that inspection of the appliance was a part of his work.    *Held,* that it could not have been ruled as matter of law that the plaintiff assumed the obligation of inspection as a part of his service, and that the questions whether the plaintiff assumed the risk of such an accident and whether the defendant was negligent in failing to furnish safe appliances or to call the plaintiff's attention to their condition, were for the jury.

TORT for injuries received by the plaintiff on April 18, 1907, while in the employ of the defendants as a teamster, by reason of a fall caused by the breaking of a strap attached to the plaintiff's wagon which he was tightening around two or three barrels on the tail board.    Writ dated May 9, 1907.

In the Superior Court the case was tried before *Brown,* J., who at the close of the plaintiff's evidence ruled that there was no case to go to the jury, and ordered a verdict for the defendants.    By agreement of the parties the judge reported the case for determination by this court, with the stipulation, that, if his ruling was correct, judgment was to be entered for the defendants, and that, if his ruling was wrong, judgment was to be entered for the plaintiff in the sum of $500.

*A. T. Smith,* for the plaintiff, was not called upon.

*W. H. Hitchcock,* (*C. M. Pratt* with him,) for the defendants.

RUGG, J. The plaintiff was in the employ of the defendants for about three weeks as a driver of a single horse and heavy express wagon. A strap, adapted for securing a load, was attached permanently at both ends to the wagon. It was in two pieces, buckled together, and commonly hung under the body of the wagon. It was furnished as a part of the equipment with which the plaintiff was to work. The plaintiff had not used this strap until the day of the accident, when it broke as he was tightening it around some barrels, and he was injured. The defendants had no stock of straps on hand, but purchased a new one whenever needed. They employed no inspector of harnesses and wagons. One of the defendants testified that he looked them over as he saw them on the street or at the stable, and caused them to be overhauled once a year. One part of the broken strap, which had been put in evidence at the trial, was exhibited at the argument.

There is nothing in these facts to warrant a recovery on either of the counts in the declaration based upon the employers' liability act. But the plaintiff should have been permitted to go to the jury upon his counts at common law alleging defective appliances.

The plaintiff assumed all the obvious risks of his employment, including those which he in fact discovered and those which might have been disclosed by a reasonably thorough investigation, but not those which were obscure or hidden. *Crimmins* v. *Booth*, 202 Mass. 17, and cases cited. The strength of a leather strap depends in a material degree, according to common knowledge, upon the length of time it has been used, the nature and extent of its service and the care given to it. These were matters within the knowledge of the employer, and would not have been seen by ordinary examination. This strap seems, from its appearance, to have been subjected to somewhat prolonged and severe use, and it was exposed to the weather and the deteriorating consequences of being under a wagon constantly upon the streets. One of the defendants testified that he depended upon his driver to look after the wagon and all its attachments, and to report any defects, but he did not say that he so notified the plaintiff, and it does not appear that the plaintiff understood this to be a part of his work. If the duty of inspection was definitely

placed upon the plaintiff by his contract of employment, then he could not recover for any injury resulting from his failure in this regard.    But it could not have been ruled, as matter of law, that the plaintiff assumed this obligation as a part of his service.    The breaking of the strap might have been found to indicate its weakness at the time of the plaintiff's employment, which he could not be held to have discovered by the reasonably prudent examination required of him before entering upon the employment. Hence, the questions of the due care of the plaintiff and his assumption of risk and of the negligence of the defendants in failing to furnish safe appliances or to call the plaintiff's attention to their condition were for the jury.  *Lundergan* v. *Graustein & Co.* 203 Mass. 532.  *Murphy* v. *O'Neil*, 204 Mass. 42. *Haley* v. *Lombard*, 207 Mass. 545.

In compliance with the terms of the report let judgment be entered for the plaintiff in the sum of $500.

*So ordered.*