BARBARA FOLEY *vs.* J. R. WHIPPLE COMPANY.

Suffolk.   March 26, 1913. — May 22, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability, In maintenance of stairway.

At the trial of an action against the proprietor of a hotel by a chambermaid in his
employ for personal injuries received by falling into a hole in stairs connected
with an underground passageway running from the hotel to an annex where the
rooms of the defendant's employees were, it appeared that as a part of the
contract of employment the defendant furnished board and lodging to the
plaintiff, and that the passageway and stairs that she was using when injured
formed the only way from the hotel to her room, that she was injured as she
was returning from her room at the close of her noon hour, that the hole in the
stairs was made by the removal of an old tread by carpenters who were sent by
a contractor, by whom they were paid, to do whatever work the defendant
ordered them to do, and who did such work in their own way. The car-
penters had put up no barrier at the hole. There was evidence tending
to show that the defendant retained control of the stairway while it was
being repaired, that when the plaintiff went to her room the stairs were
in their usual condition, that when she returned, just before she was in-
jured, she saw the carpenters sitting on the stairs, but that there was no light
there and no warning was given her by a barrier or by notice from any one and
that she did not know and had no reason to know that there was anything un-
safe about the stairs. *Held,* that there was evidence of due care on the part
of the plaintiff and of negligence on the part of the defendant in failing to take
suitable precautions for the plaintiff's safety during the repair of the stairway.
Where an employer, while a stairway is being repaired for him by carpenters
employed by an independent contractor, retains control of the stairway and
causes it to be used by his employees, he is bound to exercise reasonable care to
put up suitable barriers or to warn those having occasion to use it.
It is the duty of an employer in directing some of his employees to repair a stairway
which is being used by other employees in the course of their employment, to
take suitable precautions for the safety of such other employees, and that duty
cannot be delegated by him; and therefore, if the employer attempts to delegate
the taking of such precautions to an employee who is negligent in regard thereto
and a fellow employee, while using the stairs in the course of his employment,
thereby receives personal injuries, the employer cannot escape liability on the
ground that such injuries were the result of negligence of a fellow servant of
the person injured.

MORTON, J.   This is an action of tort to recover for injuries
received by falling through a hole in a stairway in premises leased
by and in the occupation of the defendant.   At the close of the

evidence the trial judge * directed a verdict for the defendant and reported the case to this court. If the ruling was right, judgment is to be entered for the defendant; if erroneous; judgment is to be entered for the plaintiff in the sum of $1,300.

The question is whether there was any evidence warranting a verdict for the plaintiff, and we think that there was such evidence. The plaintiff was a chambermaid in the employ of the defendant in a hotel belonging to it in Boston. The defendant furnished her and others of its help with rooms and board. The rooms were in an annex connected with the hotel by a passageway under Tamworth Street, from which, at either end, stairways led to the street floor of the hotel and annex respectively. The stairway thus provided was the only way for the plaintiff and others of the help to go to and from their rooms in the annex to the hotel. The plaintiff had an hour for dinner, from twelve to one, and on the day of the accident, after getting her dinner, had gone to her room by the stairway in question and was returning a few minutes before one to her work in the hotel, when she fell into the hole in the stairway. The stairs were being repaired by carpenters who had been sent at the request of the defendant by and who were paid by the E. Noyes Whitcomb Company. They had been doing jobs at the hotel for several weeks, eight or nine, one of the witnesses testified, and did whatever work the hotel people ordered to be done. The staircase was being repaired pursuant to orders thus given by having the old treads taken off and replaced by new ones. The carpenters did in their own way the work which they were told to do. The hole into which the plaintiff stepped was caused by a tread having been taken off. The plaintiff testified that when she went up to her room after dinner there was nothing to show that anything was being done to the stairs, and in this she was corroborated by a witness called by her and by two of the witnesses called by the defendant. She further testified that when she came down from her room two carpenters were sitting on the stairs, but no notice or warning was given her by them that a tread had been removed; that there was no light there, that no barrier or sign had been put up as a warning that the stairs were being repaired, and that she

---

* *Brown,* J.

did not know and had no reason to know that there was anything unsafe about the stairway until she fell into the hole.

There was uncontradicted evidence that no barrier was put up by the defendant until after the accident, when one was put up for the short time that elapsed before the stairway was completed, and an elevator was used during that time instead of the stairway. There was evidence tending to show that the defendant retained control of the stairway while it was being repaired and that until after the accident no other way was furnished for the plaintiff and the other help to get to and from their rooms in the annex except over the stairway.

We think that it is plain that there was evidence of due care on the part of the plaintiff. The carpenters testified that they warned her and that there was a light there, and there was testimony tending to corroborate them. But it was for the jury to say what the facts were and to decide, according to the facts found by them, whether the plaintiff was or was not in the exercise of due care. The defendant concedes "that there was conflicting evidence for the jury of negligence on the part of the carpenters in failing properly to use the portable electric light provided for the purpose by the defendant and in failing to warn the plaintiff of the danger by the use of the light provided, or in some other manner." See *Johnson* v. *Field-Thurber Co.* 171 Mass. 481; *Falardeau* v. *Hoar,* 192 Mass. 263; *Crimmins* v. *Booth,* 202 Mass. 17.

We also think that there was evidence of negligence on the part of the defendant. The defendant retained control of the passageway and staircase and provided no other way for the plaintiff and others of its help to go to and from their rooms in the annex to their work in the hotel except over the stairway in question. It was the defendant's duty to see that the stairway was reasonably safe, or to give the plaintiff and its other employees due warning thereof. *White* v. *Newborg,* 208 Mass. 279. The defendant contends that the accident was due to an independent contractor, or to negligence on the part of a fellow servant. But if we assume in the defendant's favor that the work of repair was being done by an independent contractor, that does not help the defendant. The case stands differently from what it would if the defendant had not retained control of the stairway and continued to furnish it for the plaintiff and others of its help to use while the repair was

going on. Under such circumstances the defendant was bound to exercise reasonable care to warn those having occasion to use it, or to put up suitable barriers. *Crimmins* v. *Booth,* 202 Mass. 17.

The defendant further contends that if the work was not being done by an independent contractor the carpenters were fellow servants of the plaintiff and that the accident was due to negligence on their part in failing to warn the plaintiff by means of the light which there was evidence that the defendant had furnished or otherwise. But if they were fellow servants it was none the less the duty of the defendant in setting them to work to take suitable precautions for the safety of those who had occasion to use the stairway. This was a duty which the defendant could not delegate and from which negligence on the part of fellow servants would not exonerate or relieve it. If the defendant took all the precautions which reasonably could be required of it for the safety of those having occasion to use the stairway and the accident was caused by negligence on the part of a fellow servant, then the defendant would not be liable. But whether it did take all such precautions was plainly, it seems to us, a question on which there was evidence for the jury. See *Lundergan* v. *Graustein & Co.* 203 Mass. 532; *Falardeau* v. *Hoar,* 192 Mass. 263; *White* v. *Newborg,* 208 Mass. 279; *Crimmins* v. *Booth, supra.*

*Judgment for the plaintiff in the sum of $1,300.*

*W. B. Grant,* (*H. E. Whittemore* with him,) for the plaintiff.

*C. A. Snow,* for the defendant.