WILLIAM BURNETT *vs.* WORCESTER BREWING CORPORATION.

Worcester.   September 29, 1914. — October 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence*, Employer's liability, Open trap door.

It is not the duty of the proprietor of a brewery toward one of four engineers employed in his engine room, who knows that there is a trap door in the floor of the engine room covering a pit to receive waste water, which usually is kept closed but which has to be opened from time to time when the pipe in the pit needs repairs or clearing out, to give him notice or warning that the trap door has been opened by plumbers who were working in the pit and that afterwards

it was suffered to remain open by another of the engineers who was on duty in the engine room; and, if the engineer thus unwarned walks into the open pit on his way to the engine, he cannot hold his employer liable for his injuries thus sustained in an action at common law for alleged negligence in leaving the pit open and unguarded. Following *Young* v. *Miller,* 167 Mass. 224.

TORT for personal injuries sustained by the plaintiff on May 21, 1912, while in the employ of the defendant, by reason of stepping into a pit in the floor of the engine room in which he was working when the trap door that usually covered the top of the pit had been left open. Writ dated August 29, 1912.

The declaration contained three counts. The first count, which was at common law, alleged that the pit had been left open, unprotected and unguarded because of the defendant's negligence; the second count alleged that the defendant was the proprietor of a brewery and employed the plaintiff as an engineer and that the plaintiff was injured by reason of a defect in the ways, works or machinery of the defendant; and the third count alleged that the plaintiff's injuries were caused by the negligence of a superintendent.

The answer, in addition to a general denial, alleged that the plaintiff had assumed the risk of the injury that he sustained.

In the Superior Court the case was tried before *Sanderson,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover, and that on all the evidence and the pleadings the plaintiff was not entitled to recover on the first count of his declaration. The judge refused to make either of these rulings, and submitted the case to the jury on the first count of the declaration only. The jury returned a verdict for the plaintiff in the sum of $1,700, and the judge then asked them the question which is quoted in the opinion and received through the foreman the answer there stated. The defendant alleged exceptions.

*F. F. Dresser,* for the defendant.

*J. Clark, Jr.,* for the plaintiff.

CROSBY, J. The plaintiff, while in the defendant's employ as a stationary steam engineer, was injured by stepping into a pit in the floor of the engine room.

There were four engineers in all employed by the defendant,

three of whom were known as "watch engineers," the plaintiff being one of them, and one chief engineer. The plaintiff worked eight hours a day, seven days a week, and he worked on the night shift for two weeks at a time. At the time of the accident he was working on the night shift from eleven o'clock at night until seven o'clock in the morning. There were two pits under the floor in the engine room, opening into each of which was a trap door. These pits were constructed "to remove any waste water that came from the exhaust pipe of the Corliss engine." This water was removed from the pits by an ejector, or suction pump.

The plaintiff was in the defendant's employ from March, 1911, until he was injured in May, 1912. He testified that when he first began to work, the flooring in the engine room had been removed and a new floor laid in February or March, 1912, and that a trap door was then placed in the floor over each pit. He further testified that on the night he was injured he crossed the floor to look at the governor on the engine and fell into the pit on the left of the stairway, the trap door over it having been left open.

There was evidence to show that steam fitters or plumbers had been working in this pit the day before; also that the engine room was light, and that there was an electric light over the pit into which the plaintiff stepped.

The jury returned a verdict for the plaintiff, and the presiding judge asked this question: "Did you find that the trap door was left open by an employee of the company or the plumber's employees?" The foreman replied: "Plumber's employees."

The jury could have found that it was necessary for the plaintiff to pass over the trap door of this pit in order to reach the engine.

O'Malley, a witness called by the plaintiff, who was one of the three watch engineers, testified that when he came on duty at three o'clock that day the trap door was open and he left it open. He further testified on cross-examination that the doors of the pit into which the plaintiff fell "were lifted up to see the height of the water; that it was not required to be open very often; that it might be opened once a week and might be opened two or three times a day, the frequency depending a good deal upon the flow from the exhaust."

There was other evidence to show that this trap door was opened frequently. The plaintiff, however, testified that he never had seen it open before the accident, and that the purposes of this trap door were two: "In case the pipe got clogged up or got worn out to take it out and put in another one."

In view of this conflicting evidence, "as the jury presumably believed the plaintiff, we must consider the exceptions in the aspect of the testimony which is most favorable to him." *Falardeau* v. *Hoar*, 192 Mass. 263, 266. If for the purposes of this decision we assume in favor of the plaintiff that the question of his due care was for the jury, and that he did not assume the risk of the injury which he received as matter of law, the question whether the defendant was negligent remains.

This is a close question, but we are of opinion that its determination is governed by the case of *Young* v. *Miller*, 167 Mass. 224. In that case as in this, it was not disputed that the plaintiff was familiar with the trap doors, knew where they were located, and also knew that they were likely to be opened from time to time. In the case at bar the plaintiff knew that if the pipe in the pit became worn out or clogged up it would be necessary to make such repairs as were needed, and that the only means of access to the pipe was by opening this door. He also knew that the only way of determining the amount of water was by opening the door. While he testified that the pipe probably would not rust out until the end of four or five years, and would not become clogged up for a long time, yet it is plain that from time to time, with more or less frequency, the pipe would become clogged or worn and would need to be cleaned out or replaced.

If it became necessary to clean or repair the pipe more frequently than the plaintiff understood was necessary, this fact would not be evidence of negligence, or distinguish the case from *Young* v. *Miller, supra,* for it is apparent that he must have known that the door would be opened whenever occasion required, although he did not know the precise moment when it would be so opened. As was said by this court in *Young* v. *Miller* (p. 225): "The plaintiff knew the permanent elements of the danger to which he was exposed. He knew that the trap doors were where they were, and that they were likely to be opened from time to time. . . . The only thing he did

not know was the precise moment when the doors would be raised, but that he could find out if he looked. . . . A majority of the court are of opinion . . . that the defendant's duty did not extend to giving notice or warning that the doors were open to one who knew that they were liable to be so at any time."

The fact that in the case of *Young* v. *Miller* the plaintiff fell into the pit during the noon hour, at which time he was not called upon to work, did not in our opinion affect the decision of that case, as it is not referred to as a reason for the conclusion reached.

All of the cases relied on by the plaintiff are cases where the plaintiff had no previous knowledge of the existence of the trap door, or did not know it was to be used at the time the plaintiff was injured.

This case is to be distinguished from such cases as *Foley* v. *J. R. Whipple Co.* 214 Mass. 499; *Falardeau* v. *Hoar,* 192 Mass. 263; *Johnson* v. *Field-Thurber Co.* 171 Mass. 481; *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 225; *Dolphin* v. *Plumley,* 167 Mass. 167. See also *Horrigan* v. *Boston Elevated Railway,* 190 Mass. 577.

It follows that the ruling requested by the defendant that the plaintiff was not entitled to recover should have been given.

> *Exceptions sustained; judgment to be entered for the defendant under St. 1909, c. 236.*