JOSEPHINE F. MANNING *vs.* DWIGHT PROUTY.

Suffolk.    January 19, 1927. — June 30, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Practice, Civil,* Exceptions. *Negligence,* Employer's liability, Assumption of risk, Independent contractor.

An exception by a defendant to the denial of a motion, presented by him at the close of all the evidence at a trial, that a verdict be ordered in his favor, must be overruled where the bill of exceptions does not purport to contain all the material evidence.

Where, at the trial of an action of tort for personal injuries, the defendant relies on the defence that the plaintiff assumed the risk of the injury he received and at the close of all the evidence moves that a verdict be ordered in his favor on that ground, but that defence is not alleged in the answer and the evidence on the subject is conflicting, a denial of the motion is proper.

At the trial of an action by a domestic servant against her employer for personal injuries resulting from a fall in a hole in a hallway as to which the plaintiff alleged the defendant had negligently failed to warn her, there was evidence that a new stairway was being constructed in the defendant's house which, during a part of its construction, was being used by the defendant and his family and, by his direction, by the plaintiff; that on the morning of the accident the defendant had directed

the carpenter to make an alteration which required the removal of the floor and the leaving of the hole through which the plaintiff fell; that the carpenter failed to guard the stairway against use from the lower end while the hole was there; that the defendant thereafter gave the plaintiff directions as to her work but failed to warn her against the use of the stairway or as to the hole. *Held,* that

(1) The questions, whether the plaintiff knew of the condition of the stairway and whether the defendant was negligent in failing to warn her, were for the jury;

(2) The defendant's duty to warn was personal and was not affected by the fact, if it were a fact, that the carpenter was an independent contractor.

TORT, with a declaration in two counts, for personal injuries received by the plaintiff while employed by the defendant. In the first count the plaintiff relied on alleged "carelessness and negligence of the defendant, his agents and servants, in suffering and permitting . . . [an] opening [in a hallway] to be unguarded and without proper barriers or other means of apprising the plaintiff of the existence of said hole." In the second count she alleged "carelessness and negligence of the defendant in failing to warn her of the existence of said hole or opening." Writ dated January 6, 1917.

The answer of the defendant contained merely a general denial and an allegation that the plaintiff was guilty of contributory negligence.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence is stated in the opinion. At the close of the evidence, the plaintiff discontinued the action as to the first count of the declaration. The defendant moved that a verdict be ordered in his favor. The motion was denied. He then asked for the following rulings among others:

"10. If the carpenter whose method of doing his work contributed to the plaintiff's injury, is found not to be the agent of Prouty, Prouty was under no duty to see to it that he did his work in such a manner as not to be dangerous to the plaintiff.

"11. If the carpenter was not the agent of Prouty, Prouty was under no obligation to watch the way in which he did his work and warn the plaintiff if it was likely to be dangerous to her.

"12. Unless Prouty knew that the stairway was left unguarded and in such condition as to be unsafe to one passing over it, he was under no obligation to warn the plaintiff of the danger."

The rulings were refused. There was a verdict for the plaintiff in the sum of $6,000. The defendant alleged exceptions.

*K. C. Parker,* for the defendant, submitted a brief.

*M. C. Kelleher,* for the plaintiff.

PIERCE, J. This is an action of tort to recover for personal injuries received by the plaintiff on or about November 17, 1915, while she was employed as a domestic in the home of the defendant.

At the conclusion of the evidence, the plaintiff discontinued the action on the first count, which alleged in substance that the injuries of the plaintiff were caused by the negligence of the defendant, his agents and servants, in leaving unguarded, and without proper barriers or other means of apprising the plaintiff, an opening or hole in one of the hallways. The defendant duly moved in writing that a verdict be directed for the defendant. The trial judge refused this motion and the case went to the jury upon the second count of the declaration, which in substance alleged that the injuries of the plaintiff were caused by "the carelessness and negligence of the defendant in failing to warn her of the existence of said hole or opening," through which she fell while in the performance of her duties and in the exercise of due care. The jury found for the plaintiff, and the case is before this court on the defendant's exceptions taken to the refusal of the judge to grant the aforesaid motion, to his refusal to give certain requests for instructions, and to specific parts of the charge as given. The answer of the defendant was a general denial and contributory negligence.

The record does not purport to contain all the material evidence and the plaintiff has taken this point in argument; it therefore cannot be said that the defendant was entitled to have the motion allowed. *Appleton* v. *O'Donnell,* 173 Mass. 398. *Norcross* v. *B. L. Roberts Co.* 239 Mass. 596,

598.    The defendant in argument contends that this motion should have been granted for the reason that the plaintiff assumed the risk and "the doctrine of *volenti non fit injuria* applies." The defence of voluntary assumption of risk is an affirmative defence which must be pleaded, and the facts alleged to support that defence proved, by the defendant. When the facts or inferences of fact are disputed the defendant is not entitled to a directed verdict based on this defence. *Leary* v. *William G. Webber Co.* 210 Mass. 68, 73, 74.   *International Textbook Co.* v. *Martin,* 221 Mass. 1, 8.

Assuming the record may contain all the material facts, and putting to one side the omission to plead the defence of assumption of risk, the jury on the record were warranted in finding in substance the facts which follow: The defendant owner of the premises had employed a carpenter and contractor to build a stairway from the hall outside the basement kitchen to the first floor in the back of the house, when the plaintiff came there to work as a domestic on Monday, November 15, 1915. At this time there was another stairway leading from the same basement to the first floor in the front of the house. Carpenters working for the contractor had substantially built the new stairway on the following Tuesday. The defendant told the plaintiff to use the new stairway "because the other stairway was running from the dining room above and it was nicely carpeted and he wished to save it." It was a duty of the plaintiff to answer the front door bell and to go up stairs to do so. On Monday, Tuesday and Wednesday the plaintiff and the defendant's family had used the new stairway, at times during Monday and Tuesday while the carpenters were working on it; the plaintiff had used it more than once, the family constantly. On Wednesday between three and four o'clock in the afternoon, in response to a call of the front door bell, the plaintiff went up the new stairway as far as the landing, from the end of which a door opened into an approach to the front hall. It was dark at the top of the stairway, and as the plaintiff was unable to see that the landing had been removed she stepped where it had been and dropped to the cellar floor.

The facts pertaining to the removal of the landing, which upon the record the jury would be warranted in finding, in substance are as follows:  On Wednesday morning the new stairway was completed and there was nothing for the carpenter to do other than to have the defendant "pass his inspection on it."  This the defendant did at the request of the carpenter, and found "there wasn't quite room enough for him to get down stairs, it bothered his head," and he asked "if it could be helped."  The carpenter said "he could cut off the top step and form a platform and drop the platform down . . . he would have to cut away some of the joist and take up the floor."  The defendant told him "to go ahead and do it."  On Wednesday morning after the direction of the defendant to take up the floor and do the required work, the carpenter removed the floor, cut down the joist, and at 1:30 or 2 P.M. was ready to put on the new flooring.  Fastening the door at the top of the stairs but not the door at the bottom of the stairs, he then went away to the shop of his employer for boards to cover the opening, and the accident occurred during his absence.

The defendant saw the plaintiff in the basement and gave directions as to her work a short time before the accident, but "said nothing about any change in the stairway such as the removal of the landing, and did not warn her against the use of the stairway."  The reported facts warranted the finding that the plaintiff did not know before the accident that the carpenter was doing any work on the stairway on Wednesday, although there was evidence that the carpenter warned the plaintiff "not to go up the stairs, that there was an opening at the top that was dangerous."  The facts shown by the record warranted a finding that the defendant knew that the removal of the flooring at the landing would make the use of the stairway dangerous.  With this knowledge it was his duty to give the plaintiff warning of the danger attending the use of the stairway by her, in obedience to his direction given before the flooring was removed, unless in fact the plaintiff had knowledge or ought to have known that the carpenter on Wednesday was at work on or about the stairway and that his work made the stairway unsafe for

her use.  These were questions for the jury and the motion for a directed verdict was refused rightly.  *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468.  *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 160.  *Foley* v. *J. R. Whipple Co.* 214 Mass. 499.

The requests of the defendant were refused rightly whether the carpenter was the servant of an independent contractor or of the defendant.  As the defendant directed the plaintiff to use the stairway he owed her a duty to disclose all dangers incident to that use which he knew or ought to have known of and of which the plaintiff was ignorant.  *Foley* v. *J. R. Whipple Co., supra.*  There was no error in the instruction, "he was bound to use reasonable diligence to see that this workman did his work as it should be done," when these words are read in connection with and as a part of the paragraph from which they were excerpted.  The defendant had a personal duty to see that the place over which the plaintiff was to pass in the performance of her instructions was reasonably safe for her use.  *Foley* v. *J. R. Whipple Co., supra.*  We find no error in other parts of the charge excepted to.

*Exceptions overruled.*