RICHARD HILL *vs.* IVER JOHNSON SPORTING GOODS COMPANY.

Suffolk.    January 11, 1904. — May 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

It is no evidence of a defect in the ways, works or machinery of an employer that the gate of a freight elevator car pushed up by another employee of the defendant fell on the head of the plaintiff, as he stepped out of the car, because the catch at the top of the car although it gave the usual click failed to hold the gate when pushed up, if it appears that until the time of the accident the catch had worked well and its failure to work properly on that occasion was not explained.

TORT for personal injuries incurred in the employ of the defendant as described in the opinion, with a first count at common law alleging defective machinery, a second count under the employers' liability act alleging a defect in the ways, works or machinery of the defendant, and a third count under the same act alleging negligence of a superintendent.  Writ dated February 2, 1901.

At the trial in the Superior Court *Pierce*, J. ordered a verdict for the defendant on all three counts; and the plaintiff alleged exceptions.

*C. G. Morgan & A. H. Morse*, (*B. Wendell, Jr.* with them,) for the plaintiff.

*S. R. Spring*, for the defendant.

LORING, J.  In this case an employee of the defendant was hurt by an elevator gate striking him on the head as he stepped out of the elevator car.  The defence is that the plaintiff failed

to prove negligence on the part of the defendant. The count relied on by the plaintiff is the second founded on R. L. c. 106, § 71, cl. 1, for negligence on the part of the defendant in not keeping its ways, works or machinery in order.

It appeared that in order to open the elevator gate it had to be thrown up to the ceiling of the car. When thrown up it caught on an iron catch on the car, and when it caught it gave a click. At the time of the accident it was thrown up by another employee, it gave the proper click, and then, without warning, fell on the plaintiff. This was all the evidence, with the exception that the plaintiff testified that it worked properly when used by him shortly before the accident.

The defence is well taken. What the plaintiff proved was that up to the time of the accident the machinery complained of had worked well. Why it worked badly at the time of the accident was not explained. There was not evidence even that it was found to be defective on an examination being made after the accident.

There is no resemblance between the case at bar and *White v. Boston & Albany Railroad*, 144 Mass. 404, where a lamp shade fixed to the ceiling of a passenger car fell on a passenger, and no explanation was given. Apart from the fact that the degree of care owed by a carrier of passengers is the highest, the plaintiff there had a case if the shade had been negligently placed, the train negligently run, or the defendant had been negligent in using a defective shade, while in the case at bar the plaintiff had to show that the defendant had been negligent in allowing the machinery of the gate to become out of repair.

*Exceptions overruled.*