VINCENT FILOSI *vs.* BOSTON WOVEN HOSE AND RUBBER
COMPANY.

Middlesex.    March 5, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.   Proximate Cause.   Evidence,*
Presumptions and burden of proof.

An employee in a rubber factory was put to work in front of two heated rolls
revolving inwardly toward each other, which were an inch or two apart and
were used to mix rubber, pitch and other materials.  The pitch became soft
and sticky in the process.   One of his duties was to shovel up pieces of pitch
that dropped and place them again upon the rolls.   While doing so, on an occa-
sion after he had been employed at the machine for about six months, his
shovel became caught in the pitch and his hand was thrown against the rollers
and then his hand and arm were drawn between them.   At the trial of an action
for the injuries thus received, it appeared that, when the plaintiff was put at
work on the machine, he had been instructed that, in case he needed to stop
the machine quickly, he was to pull a certain rope which was above and in
front of him, that when his hand was being drawn between the rolls, he
pulled the rope, but that the machine did not stop, that others afterwards
pulled the rope, but that the machine did not stop until the factory's
engine was stopped.   There was evidence that the defendant employed an in-
spector to look after the machinery but that the machine in question had not
been inspected for six months.   The defendant introduced no evidence to explain
the condition of the machine.   *Held,* that there was evidence that the plaintiff
was in the exercise of due care.   *Held, also,* that on the evidence a finding was
warranted that the braking apparatus of the machine was out of order by
reason of negligence of the defendant, and that the plaintiff had not assumed
the risk of such a defect as a matter of law.

MORTON, J.  This is an action of tort to recover for personal
injuries.  There was a verdict for the plaintiff for $8,000.  The
defendant moved to set it aside on the ground that as matter of
law there was no evidence to warrant it.  The trial judge* so
ruled, and with the consent of the parties reported the case to
this court; the parties agreeing that if the ruling was erroneous
judgment is to be entered for the plaintiff for $8,000 and interest
from the date of the verdict and costs of suit; otherwise, judgment
is to be entered for the defendant.

* *Morton,* J.

The question is, was there any evidence warranting a verdict for the plaintiff? We think that there was.

At the time of the accident the plaintiff was at work upon a milling or mixing machine, and had been so employed for six months or upwards. The machine consisted of two rolls revolving inwardly toward each other, an inch or two apart, and about breast high. It was used for mixing rubber, pitch, shoddy and other materials. The rolls were heated and were about two feet long and eighteen inches in diameter. The pitch and other materials were thrown in between the rolls and were mixed and ground up together as the rolls revolved. The pitch which was in hard lumps became soft and sticky and adhered to the rolls. More or less of the material fell through between the rolls into a pan underneath and the plaintiff would take it out of the pan with a short shovel and put it back on to the rolls. He was in the act of doing that when the shovel got stuck in the pitch, and as he let go of the handle the shovel struck his hand and pressed it down into the pitch and his hand and arm were drawn in between the rolls before they could be stopped, causing the injuries complained of. In operating the machine the operator stood in front of it, and in front of him and about two feet above the machine was a handle attached to a rope to be pulled for the purpose of stopping the machine. There was also a bar with which to stop the machine. The plaintiff testified, amongst other things, that he was told by the man whom "the boss" appointed to instruct him when he was set to work on the machine that "if at any time my fingers got caught I should pull this rope . . . the brake would stop the machine right off. In case anything broke on the machine, underneath the machine was a place to put an iron bar and stop the machine, but in case of accident it was not to be used. He told me that in case my fingers got caught on the rolls I should pull the rope and that would stop the machine right off; that in stopping the machine with the bar it would not stop right off, but would run a little while." He further testified that it was his right hand that was caught and that as soon as it was caught he pulled the rope with his left hand, but that the machine did not stop. Workmen who came to his assistance testified that they also pulled the rope and the machine did not stop, and that it was not till the engine was stopped that the machine was

stopped and the plaintiff's arm taken out from between the rolls.

We think that there was evidence of due care on the part of the plaintiff and of negligence on the part of the defendant.

So far as appears the plaintiff was operating the machine in the usual way at the time of the accident, and he pulled the cord as he was told to do by the man who instructed him in case his fingers got caught. It certainly could not be said to be the plaintiff's fault that the machine did not stop. Neither do we see how it can be ruled as matter of law that he was negligent in allowing his hand to be caught in the pitch. While he may be held to have assumed any risk naturally arising out of the material on which he was working, he could not be held to have assumed the risk of a defective brake of which he was so far as appears ignorant. It was for the jury to say, we think, whether he was or was not in the exercise of due care.

As to the negligence of the defendant there was evidence, it seems to us, that the brake was defective. It was expected that it would stop the machine. That was its intended operation. But it failed entirely to operate. No explanation of any kind was offered by the defendant of its failure to work. If it had been in proper order and condition, there was no reason to doubt that it would have stopped the machine. And if its failure to operate was due to some extraneous cause for which the defendant was not responsible, or which the defendant had no reasonable ground to anticipate, the defendant could have produced evidence to that effect. It was a matter within its control. The plaintiff testified that no inspection or examination of the brake or of the machine was made during the time that he had worked on it, although there was a machinist there whose business it was to repair machines. While it is possible that the failure of the brake to operate may have been due to something else than a defect which the defendant had negligently failed to discover and remedy, it cannot be said, we think, as matter of law that the conclusion that it was due to such defect was wholly a matter of conjecture, and not a reasonable inference from evidential facts. See *Chiuccariello* v. *Campbell*, 210 Mass. 532; *Byrne* v. *Boston Woven Hose & Rubber Co.* 191 Mass. 40; *Moynihan* v. *Hills Co.* 146 Mass. 586; *White* v. *Boston & Albany Railroad*, 144 Mass.

404. Amongst other cases relied on by the defendant are *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75, *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338, and *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. In *Hill* v. *Iver Johnson Sporting Goods Co. supra,* the gate had worked well down to the instant of the accident and there was nothing to show any negligence on the part of the defendant. In *Saxe* v. *Walworth Manuf. Co., supra,* the emery wheel was a new one and, as the court said in the opinion, might have exploded from a hidden defect which could not have been discovered by the exercise of the highest diligence. And in *Curtin* v. *Boston Elevated Railway, supra,* the car had gone properly both before and after the accident. It is plain, we think, that there was evidence warranting a finding that the brake was intended as a device to be used to prevent such an accident as occurred, and that the plaintiff was justified in relying upon it, and that the accident was due or could be found to have been due to the failure of the brake to operate.

*Judgment for the plaintiff for $8,000, with interest from the date of the verdict and costs of suit.*

*O. Storer,* for the plaintiff.

*E. C. Stone,* (*G. F. Grimes* with him,) for the defendant.