## Josephine L. Callahan *vs.* New England Telephone and Telegraph Company.

Suffolk. November 10, 1913. — January 9, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & De Courcy, JJ.,

*Negligence*, Employer's liability, In maintenance of lunch room, *Res ipsa loquitur*. *Evidence*, Presumptions and burden of proof.

At the trial of an action against a telephone company for personal injuries received by an operator at one of the defendant's central exchanges when a chair, upon which she was preparing to seat herself in a resting and lunch room connected

with the exchange, broke, there was evidence tending to show that the room was maintained and furnished by the defendant, who also furnished, to such of its operators as wished it, coffee or cocoa and a matron to supervise their preparation and simple sick room remedies; and that, when the plaintiff entered the defendant's employ, she was told that the defendant would furnish the room and its appointments in addition to her money compensation. *Held,* that a finding was warranted that the defendant owed the plaintiff the legal duty of exercising reasonable care to maintain the chair in the room in a safe and suitable condition.

The unexplained breaking of a chair in a resting and lunch room, maintained by a telephone company in connection with a central exchange as a part of its contract with its operators, while an operator was preparing to seat herself upon it preparatory to eating her lunch, is evidence that the chair was defective and unsafe.

If, at the trial of an action against a telephone company by one of its operators, there is evidence tending to show that a chair, which had been in use for five years as a part of the equipment in a resting and lunch room maintained by the defendant in connection with a central exchange as a part of its contract with its operators, collapsed when the plaintiff was preparing to seat herself upon it to eat her lunch, the back and top falling back and the front going in a different direction, and the chair, although apparently in the defendant's care and control, is not produced at the trial and no explanation to account for the breaking is given, an inference is warranted that the failure to discover and remedy the defect was due to negligence on the part of the defendant.

De Courcy, J. The plaintiff was a telephone operator in the employ of the defendant at its Oxford Exchange, so called, which was maintained on the third floor of the building numbered 15 on Oxford Street in Boston. On the second floor of this building there was a room one part of which was used as a resting room and the other part exclusively as a lunch room, the respective parts being separated from each other by screens. In this lunch room were two tables, one for seating sixteen persons and the other for seating six; a number of ordinary lunch room chairs with cane seats and bent wood backs, having a circular wooden band fastened to the inside of the legs between the seat and the floor; a gas stove, cooking utensils, dishes and a sink. The defendant gratuitously furnished, in addition to these, coffee or cocoa during the luncheon period, to such operators as cared to take it, and a matron who supervised the preparation of the same; and also provided certain simple sick room remedies.

The plaintiff was employed at this Oxford Exchange for about five years up to the date of her accident on January 24, 1911. On that day, at the luncheon hour, she placed on the larger of

the two tables her luncheon and a cup of coffee received from the matron, and drew out from under the table one of the chairs. While she was in the act of seating herself the chair collapsed, "the back and top of the chair fell back and the front . . . went in a different direction," and the plaintiff was injured by falling to the floor.

While conceding that we must take the view of the evidence that is most favorable to the plaintiff, the defendant contends that it could not be found that the plaintiff was more than a licensee at the time and place of the accident. If so, it seems clear that there was no such wilful or wanton conduct as would constitute an actionable breach of duty by the defendant; and the jury were instructed accordingly. There was evidence, however, on which the jury could find that the right to use the lunch room and its equipment was included in the contract of her employment. Both at the defendant's employment bureau, where substantially all the elements of the contract were specified, and at the exchange when she entered upon her duties, according to the plaintiff's testimony she was told that the company was to furnish these things in addition to the money compensation. If her version was believed, the defendant owed her the legal duty, among other things, of exercising reasonable care to maintain the chairs in a safe and suitable condition. *Condon* v. *Gahm,* 208 Mass. 339. *Foley* v. *J. R. Whipple Co.* 214 Mass. 499.

There was evidence of negligence in the performance of this duty. The breaking of the chair when it was being properly used for the purpose for which it was furnished warranted the jury in inferring at least that it was defective and unsafe; and it could be found that its condition would have been discovered before the accident, by proper inspection. The chair itself was not produced at the trial. Apparently it had been in the defendant's care and control, and in constant use for more than five years. In the absence of explanation to account for the breaking of the chair the jury reasonably could infer, under all the circumstances, including the nature of the break, that the failure to discover and remedy the defect was due to negligence on the part of the defendant. *Filosi* v. *Boston Woven Hose & Rubber Co.* 214 Mass. 408.

As the only question involved is whether the case rightly was

submitted to the jury,* it becomes unnecessary to consider whether, even if the lunch room and its appliances had not been furnished as a part of the contract of employment, the defendant could be found liable on the ground that it invited the plaintiff to use the lunch room in connection with its business. The plaintiff's due care is not in controversy. Under the terms of the report the entry must be

*Judgment on the verdict.*

The case was submitted on briefs.

*S. L. Powers & E. K. Hall,* for the defendant.

*F. Juggins, J. F. Scannell & H. A. Wilson,* for the plaintiff.

---

* The case was tried before *Dubuque,* J., who submitted it to the jury upon two common law counts. The jury found for the plaintiff in the sum of $1,200, and the case was reported to this court, judgment to be entered on the verdict if the case properly was submitted to the jury; otherwise, judgment to be entered for the defendant.