MAURICE F. GARRETT *vs.* M. McDONOUGH COMPANY.

Middlesex.    February 3, 1937. — March 29, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Res ipsa loquitur, Hose. *Evidence*, Presumptions and burden of proof.

The unexplained bursting of a three or four months old high pressure rubber hose, carrying oil from a pump to a hydraulic lifting device on a motor truck, was itself evidence of negligence of the owner, who was in sole control thereof.

TORT. Writ in the First District Court of Eastern Middlesex dated December 28, 1935.

The action was heard by *Davis*, J., who found for the plaintiff in the sum of $325. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*E. Z. Dymsza*, for the defendant.

*A. R. Kingston*, (*B. B. Priest* with him,) for the plaintiff.

PIERCE, J.   This is an action for negligence whereby, on September 19, 1935, oil was thrown or sprayed upon the plaintiff's house at number 8 Wolcott Park, in the city of Medford, in this Commonwealth.

The evidence in its aspect most favorable to the plaintiff tended to show that the defendant's servants or agents were at the time and place above stated engaged in delivering crushed stone, in connection with the construction or repair of the street upon which the plaintiff lived; that in transporting said stone the defendant was using an automobile truck with a dump body, which was mechanically tilted in the process of unloading the crushed stone; that this tilting was effected by means of a hydraulic lifting device which was activated by means of oil, supplied under pressure through a hose constructed of rubber reinforced with wire and known as a high pressure hose; that this hose led from an oil pump under the cab of the motor truck to the hydraulic lifting device under the dump body; that the pressure of the oil in the hose was equalized by governors so that it was not affected by the speed of the motor; that the equipment was new when purchased by the defendant three or four months prior to the accident; that the hose appeared to be all right; and that on the date and at the place of the accident, while the hydraulic lifting device was in operation, the hose burst in a spot about one inch long, and the light oil used as the hydraulic fluid escaped under pressure in a thin stream and was sprayed upon the house of the plaintiff, upon the awnings and upon the lawn and shrubbery.   No direct evidence was introduced by either the plaintiff or the defendant in regard to what caused the hose to burst.

The defendant requested seven rulings which were denied.   The judge found for the plaintiff and assessed damages.   The defendant, being aggrieved by the denial of its requests for rulings, claimed a report.   The judge reported the case to the Appellate Division, which found no prejudicial error and ordered the report dismissed. The case is before this court on the defendant's appeal from the decision of the Appellate Division,

The first request, that upon all the evidence the finding should be for the defendant, was refused properly under Rule 27 of the District Courts (1932) which reads, in part: "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." *Holton* v. *American Pastry Products Corp.* 274 Mass. 268.

The remaining requests, in different forms, are expressed in the second request, which reads: "On all the evidence the doctrine of *res ipsa loquitur* does not apply." The case presented for decision is one where the injurious agency, at the time of the spraying of the oil upon the plaintiff's premises, was in the control of the defendant; and the only issue argued by the parties, and considered by the Appellate Division, is whether the accident was one that in the ordinary course of operating a hydraulic dump truck does not happen if those who have charge of its operation use due care. *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 425. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54.

The doctrine of *res ipsa loquitur* applies where the conditions are such that a fair minded man would say that, if the instrument of injury (here the hose with its connections) had been properly examined before the accident, in all probability the accident would not have occurred. The doctrine when applicable establishes, not a *prima facie* case, but one where, in the absence of explanation, the inference of negligence from the happening of the accident is warranted. That is to say, the doctrine means nothing more than that the facts of the injury are sufficient to warrant an inference of negligence, but are not such as require the jury, or a judge sitting without a jury, to find negligence in fact. In the case at bar the hose which burst and through which the oil was sprayed on the plaintiff's premises was "constructed of rubber reinforced with wire and known as a high pressure hose," and it led from an oil pump under the cab of the motor truck to a hydraulic lifting device.

The pump was operated by a lever whereby the motor of the truck operated the pump. The report shows that excessive speed of the motor could have no effect upon the pressure of the oil upon the hose, because the pump was so constructed and controlled by governors that the pressure of oil from the pump would remain constant. The report does not indicate that any evidence was offered that the truck or its dump body and its mechanical connection with the truck were purchased from a recognized dealer or manufacturer, as in *Fitzmaurice* v. *Boston, Revere Beach & Lynn Railroad,* 256 Mass. 217, or in *Burnham* v. *Lincoln,* 225 Mass. 408, 409. Nor does it show that the mechanism had been recently inspected, as in *Lutolf* v. *United Electric Light Co.* 184 Mass. 53, 57. A rubber hose constantly in contact with oil, often under pressure, obviously would need frequent inspection. In the absence of any explanation of the cause of the bursting of the hose, the judge could find that the circumstantial evidence of negligence, afforded by the bursting of the rubber hose, justified a finding for the plaintiff.

This case is not within the doctrine of *Rylands* v. *Fletcher,* L. R. 3 H. L. 330, *Ainsworth* v. *Lakin,* 180 Mass. 397, and *Bratton* v. *Rudnick,* 283 Mass. 556; and the principle of trespassing upon real estate at one's peril is not involved.

Order "Report dismissed"

*Affirmed.*