WILLIAM J. WILSON & another[1] *vs*. HONEYWELL, INC.

Suffolk. October 3, 1990. - April 18, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Negligence*, Overhead door, Res ipsa loquitur. *Practice, Civil*, Discovery. *Evidence*, Prior conviction. *Witness*, Impeachment. *Practice, Criminal*, Two-tier court system.

In a tort action there was sufficient evidence that the defendant had exclusive control and management of the overhead garage door that fell on the plaintiff and that the falling of the door was due to the negligence of the defendant to permit the case to be submitted to the jury and to warrant the jury's verdict. [804-808] LYNCH, J., dissenting, with whom NOLAN and O'CONNOR, JJ., joined.

In a civil action the judge correctly excluded evidence of the plaintiff's conviction of larceny after a bench trial in a District Court, where, since the plaintiff had timely claimed a de novo appeal, the conviction was not final for impeachment purposes. [808-809]

At the trial of a negligence action the judge properly, in his discretion, admitted testimony of a plaintiff's witness brought forth for the first time on the first day of trial where no prejudice resulted from the late disclosure. [809]

In a civil action, the defendant did not demonstrate any prejudice resulting from the admission of evidence documenting the plaintiff's wages produced for the first time at trial. [810]

CIVIL ACTION commenced in the Superior Court Department on June 4, 1986.

The case was heard by *John C. Cratsley*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Marylin A. Beck* (*Laurie Phillips Mullen* with her) for the defendant.

*James Taff* for the plaintiffs.

---

[1]Juanna G. Wilson, the plaintiff's wife.

LIACOS, C.J. This is a tort action to recover damages for injuries sustained when the defendant's warehouse garage door fell on the plaintiff. A jury returned a verdict for the plaintiff. The defendant moved for judgment notwithstanding the verdict. A Superior Court judge denied the motion and entered judgment in accordance with the verdict. The defendant appealed. The Appeals Court affirmed the judgment. *Wilson* v. *Honeywell, Inc.*, 28 Mass. App. Ct. 298 (1990). We allowed the defendant's application for further appellate review. We affirm.

The defendant asserts three claims of error: (1) There was insufficient evidence to warrant submitting the case to a jury, and the judge's instructions as to the doctrine of res ipsa loquitur suggested that the jury find the defendant negligent; (2) the judge erred in excluding evidence of the plaintiff's prior conviction for larceny at a bench trial in District Court; and (3) the judge erred in admitting in evidence testimony of an eleventh hour witness and documentation of the plaintiff's income (W-2 form) produced for the first time at trial.

1. *Sufficiency of the evidence.* When reviewing a ruling on a defendant's motion for directed verdict or motion for judgment notwithstanding the verdict, we view the evidence in the light most favorable to the plaintiff. See *Chase* v. *Roy*, 363 Mass. 402, 404 (1973). Briefly stated, the evidence was as follows.

In the early afternoon of May 6, 1985, the plaintiff backed his truck up to the center door of loading dock 1B at the defendant's Honeywell facility in Lawrence. The plaintiff, who was not an employee of the defendant, was picking up freight. The center door, a standard overhead garage door which operates on tracks, was open. The plaintiff did not operate, or otherwise touch, the door. The plaintiff was standing in the doorway loading materials onto his truck when the door rolled down, striking the plaintiff on the head and shoulder, knocking him to the floor. As the plaintiff moved from beneath the door, which was now closed, he noticed wood debris on the floor a few feet away from him, which debris had not been there previously. He also noticed a

"cable-type spring mechanism dangling to one side" of the garage door. There was no explanation offered by either party regarding the cause of the incident. Neither the wood debris nor the spring was produced at trial. Within a week following the incident, a witness saw employees of the defendant testing the center door at dock 1B. The door, the witness testified, kept rolling down "a little bit beyond the halfway point".

Prior to May 6, 1985, the defendant did not inspect the doors at the facility periodically. According to an employee of the defendant, the center door was at least two years old at the time of the incident.[2] Employees of the defendant unlocked the doors each morning and locked them each evening. The defendant leased the premises and had complete responsibility for maintaining the premises in good condition. Significant traffic passed through the warehouse during business hours. Nonemployees, as well as employees, opened and closed the loading dock doors. Nonemployees, however, were expected to check in with the defendant's employees prior to using the dock areas.

On these facts the judge charged the jury that they could apply the doctrine of res ipsa loquitur if they found, by a preponderance of the evidence, that: (1) the instrumentality causing the accident "was in the sole and exclusive control and management of the defendant"; and (2) the "accident is of the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant." The judge further instructed the jury that, if they determined that res ipsa loquitur applied, such determination would raise an inference that the defendant was negligent. The judge told the jury that, using their "general knowledge

---

[2]The defendant's plant engineering manager, who was responsible for all renovation, repair, and maintenance at the facility, testified at trial that he began working in Lawrence in 1983 and that the door involved in the incident had been there at least since that time. The incident took place in 1985, so the door was at least two years old at the time. The door subsequently was replaced, apparently for reasons unrelated to the present incident.

in determining what weight to give an inference," they were then free to "accept or reject [the inference] according to the probative value [they] decide[d] to give it," if such inference was warranted. There was no error in the judge's instructions.

A jury reasonably could conclude that the doors were in the exclusive control and management of the defendant from the evidence that the defendant locked and unlocked the loading dock doors, controlled access to the doors, and exclusively was responsible for the maintenance, inspection, and repair of the doors. See *Brady* v. *Great Atl. & Pac. Tea Co.*, 336 Mass. 386, 391 (1957); *DiRoberto* v. *Lagasse*, 336 Mass. 309, 310-11 (1957); *Couris* v. *Casco Amusement Corp.*, 333 Mass. 740 (1956); *Cushing* v. *Jolles*, 292 Mass. 72, 74 (1935); *Callahan* v. *New England Tel. & Tel. Co.*, 216 Mass. 334 (1914). The concept of control is not to be applied rigidly. *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 331 (1973). See W. Prosser & W. Keeton, Torts § 39, at 250 (5th ed. 1984); Restatement (Second) of Torts § 328D comment g (1965). Absent evidence of other factors, exclusive control may be inferred where a defendant is responsible for the proper use, inspection, and maintenance of the instrumentality. See *Cushing* v. *Jolles*, *supra*; *Trim* v. *Fore River Ship Bldg. Co.*, 211 Mass. 593, 594-95 (1912). When an instrument under such control malfunctions, a jury may reasonably infer that the defendant failed to exercise reasonably the duty of care concomitant with the degree of control the defendant possessed. Evidence of the defendant's exclusive control aids a jury in reaching the logical inference that no other party may have acted in a manner which caused the instrumentality to malfunction. Even where absolute exclusivity in use is not evident, a jury may be reasonable in finding that the defendant's control was sufficient to warrant an inference that the defendant was more likely responsible for the incident than someone else. See *Brady* v. *Great Atl. & Pac. Tea Co.*, *supra*; *Couris* v. *Casco Amusement Corp.*, 333 Mass. 740 (1956); *Callahan* v. *New England Tel. & Tel. Co.*, *supra*.

A jury also could conclude reasonably that the incident is one which ordinarily does not occur, absent *some* negligence. Unattended garage doors ordinarily do not fall or roll down from an open position, absent negligence. The plaintiff did not operate the door, and there is no evidence that anyone else operated the door at the time of, or just prior to, the incident. The plaintiff is not required to exclude every possible cause of the occurrence. *Zezuski* v. *Jenny Mfg. Co.,* *supra* at 329, quoting *Bigwood* v. *Boston & No. St. Ry. Co.,* 209 Mass. 345, 348 (1911). It is enough that the evidence makes it more probable than not that the defendant was negligent, and that that negligence was the cause of the injuries about which the plaintiff complains. *Id.*

A jury reasonably could conclude that the door more likely was defective due to disrepair than, for example, tampered with or improperly opened. See *Brady* v. *Great Atl. & Pac. Tea Co., supra* at 389. Evidence of the wood debris and the dangling spring bolster the inference that the door was defective, such that the basis of the inference is not mere speculation or conjecture. See *Poirier* v. *Plymouth,* 374 Mass. 206, 214 (1978); *Couris* v. *Casco Amusement Corp., supra.* Assuming, as a jury reasonably could find, that the door was defective, a jury also reasonably could find that the defendant's failure to keep the door in good repair constituted negligence, particularly in light of the fact that the defendant had no system of inspection for the garage doors, which the defendant's employees acknowledged were exposed to constant use, and which could be expected to deteriorate from wear over a period of two years. See *Garrett* v. *M. McDonough Co.,* 297 Mass. 58 (1937); *Filosi* v. *Boston Woven Hose & Rubber Co.,* 214 Mass. 408 (1913). A jury also could find that, due to the uncomplicated design of a typical garage door, a reasonable inspection of the door prior to the accident more probably than not would have revealed the defect. From this evidence a jury could conclude that the door's falling was due to the negligence of the defendant, while the actual cause remains unexplained. See *Evangelio* v. *Metropolitan Bottling Co.,* 339 Mass. 177, 180 (1959) ("negli-

gence and causation, like other facts, may be established by circumstantial evidence"); Restatement (Second) of Torts § 328D comment b.

Additionally, in some instances, a defendant may be in a better position to explain the cause of the incident, usually because the defendant has exclusive control and possession of the instrumentality. See *Filosi* v. *Boston Woven Hose & Rubber Co.*, *supra* at 410. Where such is the case, as here, yet no explanation is forthcoming, the failure to explain adds weight to the permissibility of the inference that the defendant was negligent. See *Callahan* v. *New England Tel. & Tel. Co.*, *supra* at 336; *McNamara* v. *Boston & Maine R.R.*, 202 Mass. 491, 496 (1909); *Griffin* v. *Boston & Albany R.R. Co.*, 148 Mass. 143, 147 (1889); see also *Garrett* v. *M. McDonough Co.*, *supra* at 61.

We hold there was sufficient evidence to permit the case to be submitted to the jury, and to warrant the jury's verdict.

2. *Impeachment of plaintiff as witness by his bench trial conviction.* The plaintiff sought, by a motion in limine, to exclude evidence of his conviction of larceny after a bench trial in a District Court. The defendant made an offer of proof that the plaintiff had been convicted, and that an "appeal" of the conviction had been made to the District Court for a de novo trial before a jury of six. The appeal was pending at the time of the trial in this case. The trial judge excluded evidence of the conviction on the ground that the conviction lacked sufficient finality for impeachment purposes.

The Appeals Court affirmed on the ground that the decision was within the sound discretion of the trial judge. We affirm the trial judge's decision on different grounds. We hold that a bench conviction in District Court is not admissible for the purpose of impeachment where the defendant timely has filed an appeal under the two-tier de novo system. The taking of an appeal of a bench trial conviction in District Court vacates the bench trial conviction. See *Enbinder* v. *Commonwealth*, 368 Mass. 214, 218, cert. denied, 423 U.S. 1024 (1975), quoting *Costarelli* v. *Massachusetts*, 421 U.S. 193, 194 (1975); *Mann* v. *Commonwealth*, 359 Mass.

661, 666 (1971) (appeal wipes out finding of guilt and sentence); *Commonwealth* v. *Danton*, 243 Mass. 552, 554 (1923) (where guilty finding appealed de novo, subsequent nol pros bars use of record for impeachment); see also K.B. Smith, Criminal Practice & Procedure § 2798 (2d ed. 1983).[3] For the purpose of impeachment, a conviction may be "nothing less than a final judgment". *Attorney Gen.* v. *Pelletier*, 240 Mass. 264, 311 (1922). See also P.J. Liacos, Massachusetts Evidence 152-153 (5th ed. 1981 & Supp. 1985). A bench trial judgment lacks sufficient finality in the scheme of the two-tier system to be considered a conviction for impeachment purposes. See *Enbinder* v. *Commonwealth*, *supra* at 217-218; see also *Commonwealth* v. *Duquette*, 386 Mass. 834, 843, 847 (1982).

3. *Eleventh hour witness and documentation of plaintiff's income.* The defendant claims that it was error for the trial judge to admit testimony of a witness brought forth for the first time on the first day of trial.[4] The Appeals Court held that, although the plaintiff's attorney failed seasonably to notify defense counsel of the existence of the witness, in violation of Mass. R. Civ. P. 26 (e) (1) (A), 365 Mass. 776 (1974), such violation did not mandate exclusion of the testimony. *Wilson* v. *Honeywell, Inc.*, *supra* at 303-304. See *Letch* v. *Daniels*, 401 Mass. 65, 67 n.1 (1987). Further, absent "a showing of prejudicial error resulting from an abuse of discretion," an appellate court will not disturb a judge's exercise of discretion. *Wilson* v. *Honeywell, Inc.*, *supra* at 303-304, quoting *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 799 (1987). We agree.

---

[3]A bench trial conviction is not a nullity for all purposes. See, e.g., *Rubera* v. *Commonwealth*, 371 Mass. 177, 183 (1976) (considered for purpose of revoking probation); *Boyle* v. *Registrar of Motor Vehicles*, 368 Mass. 141, 143 (1975) (revoking driver's license); *Della Jacova* v. *Widett*, 355 Mass. 266, 268-69 (1969) (basis for action of malicious prosecution).

[4]The witness, Robert Porzio, was a truck driver and fellow employee of the plaintiff. He testified that, shortly following the incident, he observed employees of the defendant testing the door, and that the door would not remain in the open position.

The defendant, also, in an argument which barely complies with Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), has not demonstrated any prejudice caused by the admission in evidence of documentation of the plaintiff's wages which was produced for the first time at trial. We agree with the thorough, well reasoned explanation of the holding and the result reached by the Appeals Court on these points.

*Judgment affirmed.*

LYNCH, J. (dissenting, with whom Nolan & O'Connor, JJ., join). I do not agree that the doctrine of res ipsa loquitur permits the jury to impose liability on the defendant as a result of this unexplained accident. I start my analysis with what amounts to a legal truism — that the happening of an accident is no evidence of negligence, *Wilson* v. *Colonial Air Transp., Inc.,* 278 Mass. 420, 425 (1932); *DiLeo* v. *Eastern Mass. St. Ry.,* 255 Mass. 140, 142-143 (1926), and that a person lawfully on the premises controlled by another is entitled to recover for injuries caused by a defect, about which the person in control knew or should have known, *Oliveri* v. *Massachusetts Bay Transp. Auth.,* 363 Mass. 165 (1973).

It is on this legal framework that the common law has grafted the principle conveniently known as res ipsa loquitur. That principle permits the trier of fact to draw an inference of negligence when the accident is of a kind that does not ordinarily happen in the absence of negligence. The basis of the rule is the general knowledge or common experience of the community which courts recognize in the same way as in the case of judicial notice. Restatement (Second) of Torts § 328D comment d (1965).

The Restatement requires, in addition, that other responsible causes, including the conduct of the plaintiff and third persons, be sufficiently eliminated by the evidence, and that the indicated negligence be within the scope of the defend-

ant's duty to the plaintiff. It appears to me that none of these preconditions have been met here.

Since all doors are designed to open and close, no inference of negligence can be drawn merely from the closing. The plaintiff offers no evidence of how the door was opened or how it was caused to close. Neither could the jury know whether the door was in the full open position or only partially open immediately before the accident. Although as an appellate court we look at only that evidence favorable to the plaintiff, it is instructive that the undisputed evidence was that the door had not malfunctioned in any way prior to the accident, that it operated satisfactorily immediately after the accident, and that it continued to be used for some time thereafter without modification or repair. Not only does common experience not lead to the conclusion that in these circumstances the door would not have closed without the negligence of the defendant, but on the contrary we know that manually operated overhead doors will close by themselves if not raised to the full open position. The evidence of the wooden debris and the spring mechanism relied on by the court adds nothing to the plaintiff's case. Although the plaintiff testified that he did not see the wooden debris before the accident, there is nothing to suggest that the wooden debris was part of the door, or was in any way connected to the closing of the door. If we assume that the jury found that the debris was not present on the floor of the loading dock before the accident, and that they then inferred that the debris was dislodged by the closing of the door, there is still nothing to suggest that the debris played any part in the closing of the door rather than having been dislodged by the impact of the accident itself.

The testimony concerning the spring mechanism is similarly deficient. The meager testimony in regard to the spring was that the plaintiff saw a cable-type spring mechanism dangling to one side. This spring mechanism was not clearly identified as belonging to the door that caused the plaintiff's injury. Even if we assume that it was located on that door, there was no testimony that: its condition was out of the ordi-

nary; it was related to the closing of the door; or, if it was not properly in place after the accident, such misalignment was a cause of the sudden closing rather than having been caused by the closing.

That a manually operated overhead door changes from some degree of open to closed is not an event that does not ordinarily occur in the absence of negligence of the person in control of the premises. It might be otherwise if it could be established that the door was opened by someone for whose conduct the defendant was legally responsible. As the court notes, however, "[s]ignificant traffic passed through the warehouse during business hours. Nonemployees, as well as employees, opened and closed the loading dock doors." *Infra* at 805.

If we assume that the door closed as a result of not being raised to its full height, an assumption that would be pure conjecture, the doctrine of res ipsa loquitur does not aid the plaintiff because it is his responsibility to introduce evidence that would eliminate the conduct of a third person as a cause of the accident. Restatement (Second) of Torts § 328D (1) (b). Finally, the plaintiff's proof fails to demonstrate the third requirement of the Restatement as well, that the defendant's duty toward the plaintiff applies only to defects in the premises of which the defendant knew or reasonably should have known. Since there is no explanation of what caused this accident, there is no suggestion that the defendant failed in this duty. To conclude otherwise is not even applying an inference on an inference, but rather a conjecture on a conjecture.

For the reasons stated I respectfully dissent.