Bernstein, J.
This case arises from an action for negligence wherein plaintiff fell and injured himself as he stepped on an escalator maintained by Montgomery Elevator Company (hereinafter referred to as “Montgomery”) and owned and operated by the Massachusetts Bay Transportation Authority (hereinafter referred to as “MBTA”) when it came to an abrupt stop. The plaintiff claims that the trial court erred when it found for the defendant MBTA and allowed Montgomery’s motion to dismiss when it declined to rely on the doctrine of res ipsa loquitur in support of plaintiff’s claim. For the reasons stated herein, the rulings of the trial court are upheld.
From the evidence presented at trial, we learn that plaintiff rode the MBTA train to the State Street station on his way to work on April 5,1990. He arrived at 8:30 a.m. and approached the escalator. The escalator was running as he approached. As he stepped on the bottom step of the escalator, it suddenly stopped. Plaintiff lost his balance, fell forward and sustained injury. The escalator is inspected every forty-eight hours and had been inspected one day prior to plaintiff’s accident. There was nothing reported to be malfunctioning. Plaintiff presented no expert testimony or direct evidence of negligent conduct by defendant. Since there was no evidence of actual negligence, the plaintiff’s case rests entirely on the application of the doctrine of res ipsa loquitur to explain the cause of the accident.[2]
Applying the principles of that doctrine permits the trier of fact to infer negligence on the part of the defendant if three conditions are met: (1) there is evidence of the specific act or instrumentality which caused the plaintiff’s injury; (2) the act or accident must be of a kind that normally does not result in the absence of someone’s negligence; and (3) the instrumentality causing the injury must be in the exclusive control of the defendant. NOLAN AND SARTORIO, TORT LAW, §232 (Second Edition 1989). See also RESTATEMENT (SECOND) OF TORTS, §328D(1) (a) 1965. The trial court found that the three conditions of res ipsa loquitur were not met in this case and that the MBTA was not negligent. Specifically, the trial court found that the defendant had failed to eliminate non-negligent causes that could explain the escalator’s sudden stop, such as a power failure or a third party’s pressing of the safety button, and failed to prove the defendant’s exclusive control over the operations of the escalator.
Res ipsa loquitur is no substitute for the lack of evidence of the defendant’s negligence. This doctrine permits an inference of negligence to be drawn in the absence of a finding of specific cause of the occurrence when an accident is of the kind that does not *179 ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff were sufficiently eliminated by the evidence. Enrich v. Windmere Corp., 416 Mass. 83, 88 (1993). The jury must be able to find, either by expert evidence or by their own common knowledge, that the mere occurrence of the accident shows negligence as a cause. Id. at 88. In the instant case, the trial judge correctly concluded that there was a lack of evidence of negligence on the part of the MBTA causing the escalator to stop suddenly.
The plaintiff contends the trial court erred because it required him to eliminate every possible cause of the escalator accident. Plaintiff relies on Wilson v. Honeywell, Inc., 409 Mass. 803 (1991) to support his theory. In Wilson, the SJC held that “[ejven where absolute exclusivity in use is not evident, a jury may be reasonable in finding that the defendant’s control was sufficient to warrant an inference that the defendant was more likely responsible for the incident than someone else.” Id. at 806. We find the trial judge made no such requirement and that her decision was not inconsistent with Wilson. The relevant portion of the trial judge’s opinion reads as follows, “[wjhere there was testimony that youngsters were often activating the safety stop buttons, the plaintiff has failed to eliminate third persons as the responsible cause of the escalator’s stopping or to prove adequately the defendants’ exclusive control of the mechanism in question.” Here, the trial judge concluded that, in light of the testimony of youngsters pushing the safety buttons from time to time, the plaintiff failed to show that the sudden stop of the escalator was more likely due to the defendant’s negligence rather than a third party pushing the safety button.
Plaintiff also argues that he sufficiently eliminated the possibility that third persons caused the accident through his testimony and that of his co-worker, Mr. Kefalis, that there was no one else near the escalator when they got on it, presumably who could have touched the safety switch. The record does not support this conclusion. The plaintiff testified that he did not think that there was anyone in front of him when he got on the escalator and that he didn’t recall seeing anyone at the top of the escalator.[3] However, after he fell, he walked up to the top of the escalator and saw his co-worker there.[4] The trial court could fairly infer that someone may have been at the top of the escalator when plaintiff got on it. Kefalis did not recall seeing anyone at the top or bottom of the escalator when he and Botteri got on it because he was not paying attention to who was around him-[5] This evidence left ample room for the trial judge to infer that there could have been someone at the top or bottom of the escalator who pushed the stop button when plaintiff was getting onto the escalator.
Further, unlike in Wilson, supra, where there was evidence that the plaintiff negli *180 gently failed to keep the garage door in good repair and that the disrepair caused the door to fall on the plaintiff, there was no evidence here of any disrepair or any other defect or malfunction of the escalator that may have been caused by the negligence of the MBTA. In light of the foregoing the trial judge correctly concluded that the plaintiff could not recover under the doctrine of res ipsa loquitur.
Finding no error in the trial court’s rulings, the plaintiff’s appeal is dismissed.

 We note that although other theories of negligence may have been available to plaintiff, plaintiff elected to proceed only on the res ipsa loquitur theory.

 Q: And could you please indicate, Mr. Botteri, how many people if any were on the escalator in front of you?
A: I don’t believe there was anybody in front of me.
Q: And do you recall seeing anyone at the top of the escalator?
A: No, I don’t. (Record Appendix at 45.)

 Q: Then what happened?
A: I believe I got up the best I could and I just went up to the top of the escalator, where I was crouched down and trying to get myself back together again.
Q: And was there anyone there that you recognized at that time?
A: Somebody that worked in the courthouse. (Record Appendix at 46.)

 Q: And was there anyone on the escalator above Mr. Botteri that you recall?
A: No.
Q: And did you happen to see anyone down at the bottom of the escalator as you and Mr. Botteri approached it?
A: No, I wasn’t paying attention a^ around me, behind me. (Record Appendix at 97.)