DISSENTING OPINION
Welsh, J.
I respectfully dissent. It is my view that this is an appropriate case for the application of the doctrine of res ipsa loquitur. The door in question could have been found to be under the exclusive control of the defendants. The accident was the sort of event that would not occur in common experience except for the negligence of the person in control of the instrumentality causing the harm, thus permitting the inference that it is more probable than not that the injury arose due to the defendant’s want of due care. The evidence does not warrant any inference that the plaintiff may have contributed to the accident by any action on her part. Compare Hemenway v. Shaw’s Supermarkets, Inc., 1998 Mass. App. Div. 97 (evi-dence that plaintiff was playing with or tampering with a stanchion which caused injury to her finger precluded application of res ipsa loquitur).
While the mere happening of an accident is not evidence of negligence, certain types of accidents do not in the ordinary course of events occur without negligence. Fitchburg Gas & Electric Light Co. v. Samuel Evans Construction Co., Inc., 338 Mass. 752, 754 (1959) (electric transformer weighing about 8 tons suddenly fell forward while being unloaded causing it to be damaged). Illustrative of the sort of situations where res ipsa analysis has been approved are the following: Byrne v. Boadle, 2 H. & C. 722, 159 Eng. Rep. 299 (Exch. 1863) (plaintiff struck by a barrel of flour as he walked by defendant’s shop); Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 235 (1975) (collapse of a relatively new aluminum step ladder so that its legs bent inward in a 45 degree angle warranted a finding that ladder was improperly fabricated); Doherty v. Booth, 200 Mass. 522, 525 (1909) (unexplained breaking of a rope); Navien v. Cohen, 268 Mass. 427, 431 (1929) (fall of a billboard from roof of building); Wilson v. Honeywell, Inc., 409 Mass. 803 (1991) (fall of warehouse garage door); McCoy v. Norumbega Amusement Corp., 351 Mass. 708 (1967) (sudden fall of lunch cart window onto customer’s head); Couris v. Casco Amusement Corp., 333 Mass. 740 (1956) (collapse of a seat in a theater); Rakoski v. Blair’s Foodland, Inc., 10 Mass App. Dec. 82 (1955) (unexplained fall of chandelier).
In a res ipsa case, the plaintiff is not required to exclude every possible cause of the occurrence, so long as it appears from the evidence that it is more probable than not that the defendant’s negligence was the cause of the injury. Wilson v. Honeywell, Inc., supra, at 807. The mere possibility of tortious intermeddling by others without evidence that such was the case is not enough. See Brady v. Great Atlantic & Pacific Tea Co., 336 Mass. 386, 389 (1957).
The door in question was under the exclusive control of the defendant. Common experience strongly suggests that a falling door is an event that is more probably than not the result of someone’s negligence. The defendant offers no credible alternative explanation consistent with a non-negligent cause of the accident.
I would allow the judgment to stand.