# United States Court of Appeals
## For the First Circuit

No. 03-1067

UNITED STATES OF AMERICA,

Appellee,

v.

GERMAIN FLORENTINO,

Defendant, Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Boudin, <u>Chief Judge</u>,

Torruella and Dyk,<sup>*</sup> <u>Circuit Judges</u>.

<u>J. Thomas Kerner</u>, by appointment of the court, on supplemental brief for appellant.
<u>Virginia M. Vander Jagt</u>, Assistant United States Attorney, Appeals Unit, and <u>Michael J. Sullivan</u>, United States Attorney, on supplemental brief for appellee.

October 28, 2005

<sup>*</sup>Of the Federal Circuit, sitting by designation.

**Per Curiam**.  Germain Florentino pleaded guilty to drug and immigration violations, and was found by the district court to be a career offender, triggering a guideline sentencing range of 151 to 181 months.  At sentencing, he argued that one of the prior convictions which provided the basis for his career offender status was improperly relied upon because it was the product of an unusual two-tier trial system that has since been abolished in Massachusetts; the district court disagreed and sentenced Florentino to 151 months, the minimum permitted under the guidelines, also rejecting a requested downward departure.

We affirmed the sentence in United States v. Florentino, 385 F.3d 60 (1st Cir. 2004), finding that Florentino's conviction under the two-tier system, where he was convicted in the first tier and lodged an "appeal" to the second tier which he later abandoned, was properly counted as a prior conviction for the purposes of U.S.S.G. § 4B1.1.  Florentino petitioned the Supreme Court for certiorari, which vacated our judgment and remanded in light of its intervening decision in United States v. Booker, 125 S. Ct. 738 (2005).  We invited supplemental briefing on the question whether to remand to the district court for re-sentencing in light of Booker.

Florentino's Booker claim is not preserved, despite his claims to the contrary, and we review for plain error.  United States v. Antonakopolous, 399 F.3d 68, 76 (1st Cir. 2005).  A

-2-

Booker error is preserved if the defendant argued to the district court that the guidelines were unconstitutional or that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. 296 (2004). Antonakopoulos, 399 F.3d at 76. Florentino made no such argument at his sentencing; he did argue that it was not proper to use his prior conviction under the two-tier system to classify him as a career offender, but his grounds had nothing to do with the Sixth Amendment, Apprendi or Blakely.[1]

Under the plain error test for a remand, the main question is the likelihood that on remand a lower sentence might be imposed, United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005); the burden of showing such a likelihood lies with the defendant. Id. Florentino presents several bases that he claims demonstrate the likelihood of a lower sentence on remand, meeting the third criterion for plain error. None is persuasive.

Florentino first argues that his brother (also a participant in the conspiracy to which Florentino pleaded guilty) was found to be responsible for a far greater amount of drugs but

---

[1]Florentino spends much of this portion of the brief arguing that his contested conviction is not typical and thus should not fall into the exception for "prior convictions" carved out of the Apprendi line of cases. Almendarez-Torres v. United States, 523 U.S. 224 (1998). Our prior decision, finding that Florentino's conviction from the two-tier system counted for the purposes of federal sentencing, resolved the issue as to whether to count the conviction. Florentino, 385 F.3d at 63-65.

received a lower sentence. This argument was made to and rejected by the district judge. The disparity between these sentences is easily attributable to the fact that Florentino was a career offender and his brother was a first-time offender. Nor do we see how it helps Florentino that the government, in opposing a departure for him, urged in the alternative that he should certainly not get a sentence lower than his brother.

Florentino also says that the district judge misapprehended his argument about the use of the disputed conviction and thought he was arguing that the conviction should not be used at all. Florentino claims to have been arguing that the conviction should have been used only as an upward adjustment to his criminal history level. Even if his position was misunderstood, which is far from clear, nothing indicates that regarding the point to the district judge would likely lead to a lower sentence.

Florentino next argues that the district judge sentenced him at the lowest end of the applicable guidelines range, and that at sentencing the judge stated, in choosing the lowest end of the guidelines range, that Florentino's career offender status had resulted in "a long sentence." A lowered sentence helps but does not alone warrant a remand. United States v. Kornegay, 410 F.3d 89, 99-100 (1st Cir. 2005). Florentino also omits the district judge's statement that "the defendant's criminal history scoring in

this case does not overstate the severity of his criminal behavior."

Florentino says that his brother received a departure because as a deportable alien he was held in harsher conditions than usual. But this is not a consideration that was forbidden or discouraged by the guidelines. Compare Heldeman, 402 F.3d at 224. If the circumstance is true as to Florentino, it could have been argued at the original sentencing. Even now Florentino makes only the bare assertion that he was held in such conditions as a deportable alien, offering no detail. This claim does not furnish the "specific facts" needed to justify a remand. Kornegay, 410 F.3d at 100.

The sentence is affirmed.