Brant, J.
Fusion Trade, Inc. (“Fusion Trade”), a Massachusetts corporation located in Andover, issued three purchase orders in March, 2006 to buy computer parts from Hytech Components, Inc. (“Hytech Components”), a Corona, California company with a shipping office in Henderson, Nevada. Hytech Components shipped the first 300 parts under the initial purchase order to Fusion Trade on March 24, 2006. Fusion Trade immediately shipped the parts to its end customer. Hytech Components sent a second shipment of 768 computer parts (out of an order for 780 parts, 12 of which were on back order) on April 4, 2006. After the second shipment had been sent, Hytech Components received notification from Fusion Trade that its customer had tested the first shipment and had determined that many of the computer parts were defective. The customer returned 263 of the 300 computer parts it had received to Fusion Trade, which then sent them back to Hytech Components. Upon receipt, Hytech Components tested the parts and confirmed that they had a significant failure rate.
Hytech Components issued a return merchandise authorization (“RMA”) for the second shipment, but Fusion Trade did not return the parts. Fusion Trade cancelled a third purchase order with Hytech Components, and that order was neither shipped, nor paid for. At the time it issued an RIMA for the second shipment, Hytech Components requested that Fusion Trade submit to it “a failure report stating how the parts are failing” so that it could determine whether to issue an RMA for the first shipment. While Hytech Components never issued an RMAfor the first shipment, it did accept its return and, upon conducting its own testing, determined that the parts were defective.
Hytech Components issued a “confirmation of order and conditions of sale” document for each of the two orders from Fusion Trade that it had shipped. This doc *124 ument stated that “parts are guaranteed to be free of defects in function for the purpose in which this product was originally intended, for a period of 90 days.” It also stated that “only returns accompanied by an authorized RMA will be accepted. Seller may at our option require a failure report from an independent testing lab before issuing an RMA. Refund of payment will be made upon our inspection of the returned product.”
Fusion Trade brought this action to recover $6,526.00, the cost of the defective computer parts it received.[1] After a jury-waived trial, the judge found in favor of Fusion Trade on Count I of its complaint and assessed damages in the amount of $6,526.00, plus interests and costs.[2] Hytech Components filed this appeal.
1. When the case was called for trial, Hytech Components objected to having William Masterson (“Masterson”) testify as Fusion Trade’s only witness because Fusion Trade had listed other people as potential witnesses in the pretrial conference report. Counsel for Fusion Trade explained that it was calling Masterson as a witness because the other potential witnesses had become unavailable due to the fact that the trial had been delayed several times. The judge permitted Masterson to testify.
There was no abuse of discretion. Given that Masterson was testifying about the interaction of the parties concerning the sale of the computer parts and this history was essentially not in dispute, there was no prejudice to Hytech Components in having Masterson testify. See Wilson v. Honeywell, Inc., 409 Mass. 803, 809 (1991). A new trial will not be ordered in the absence of “both surprise and unfair prejudicial harm.” Hammell v. Shooshanian Eng’g Assocs., Inc., 73 Mass. App. Ct. 634, 638 (2009).
2. Hytech Components also objected to the entry of Fusion Trade’s customer’s testing report as a business record. The judge’s ruling may well have been correct because the customer prepared the test of the computer parts in the course of its regular business procedure and not in contemplation of litigation. Beal Bank, SSB v. Enrich, 444 Mass. 813, 815 (2005). More importantly, it doesn’t matter whether the testing results were admitted as a business record. The reason is that the document was not introduced for the actual results of the testing, but instead to confirm Fusion Trade’s assertion that it was seeking to return the computer parts because its customer had found them to be defective. Even if the results of the customer testing were excluded, the testimony of Fusion Trade’s witness explaining that it was returning the computer parts because its customer had rejected them as defective was in evidence. Further, Hytech Components’ own witness testified *125 that it had accepted return of the first shipment and had determined the computer parts to be defective.
3. Finally, Hytech Components argues that it is not liable for the cost of the first shipment because the shipment was returned without its having issued an RMA and without having an independent testing confirm that the products were defective. However, Hytech Components accepted the return of the computer parts without requiring either an RMA, or independent testing; and its own testing confirmed that the computer parts were defective. There was no error in either the trial judge’s finding that Hytech Components had breached the contract between the parties, or in the court’s award of contract damages to Fusion Trade. See Lepp v. M.S. Realty Trust, 2008 Mass. App. Div. 44, 47-48.
Judgment affirmed. Appeal dismissed.
So ordered.

 Fusion Trade had paid a total of $8,602.50 to Hytech Components. The contract damages of $6,526.00 sought by Fusion Trade and awarded by the trial court represented the difference between Fusion Trade’s total payments, less the cost of the computer parts it did not return, i.e., the cost of the defective parts it did return. Hytech Components has not appealed any issue of damages.

 Presumably, Count I was for breach of contract. The judge also entered judgment for Hytech Components on Count II of the complaint, and in favor of Fusion Trade on Hytech Components’ counterclaim. Neither the complaint, nor the answer and counterclaim, are included in the record before us.