Wrenn, Daniel M., J.
The plaintiff Elizabeth Strong has brought the present civil action via a three-count complaint. The complaint names three defendants those being the Commonwealth of Massachusetts, Otis Elevator Company and Delta Elevator Service Corporation. The sole count as against the defendant Commonwealth of Massachusetts is Count I which asserts a negligence cause of action. The case has been the subject of active litigation between the parties, however, at this stage discovery is closed. The defendant Commonwealth of Massachusetts has brought a motion for summary judgment which motion is opposed by the plaintiff. The court held a hearing on the motion on November 13, 2012. For the reasons set forth below the defendant, Commonwealth of Massachusetts’ Motion for Summary Judgment is ALLOWED.
BACKGROUND
The incident which gives rise to this personal injury negligence action occurred on May 7, 2006. The plaintiff, Elizabeth Strong, entered an elevator at UMass Medical at about 7:00 a.m. Ms. Strong at that time was completing her shift as a nurse and recalls pushing the button in the elevator for the first floor. Ms. Strong as of that time did not notice any problem with the door opening, however, her next memory is waking up lying on the floor of the elevator on the first floor of the facility. Ms. Strong alleges she sustained multiple personal injuries as a result of her ride on the elevator.
The elevator in question was part of the physical structure and common area of the medical center. It is not clear from the summary judgment materials whether the Commonwealth of Massachusetts owned the medical center or was in a landlord tenant relationship. It is stipulated from the record, however, that at the time of the incident the defendant, the Commonwealth as the landlord had a service contract whereby the co-defendant Delta would provide all elevator maintenance and repair services for the UMass Medical facility which services included the subject elevator. Thus, the Commonwealth had a duty of care to exercise reasonable care in servicing the subject elevator.
At the time of the incident, the subject elevator had a valid state inspection certificate which was not due to expire until December 2, 2006. In addition the State Safety Inspector James Racicot had conducted an inspection of the subject elevator on December 2,2005 and Mr. Racicot would not have issued a certificate for that elevator if it was in an unsafe condition as of that time frame. Thereafter the Delta records show that between December 22, 2005 and May 6, 2006, there were eight service request entries and nine maintenance entries for the subject elevator. More specifically on May 4, 2006, the UMass Medical Center placed a work order with Delta after the subject elevator made “a sudden stop and a patient nearly fell.” Delta in response to the request assigned Christopher Hurley a mechanic under its employ to conduct a service call on this elevator. Mr. Hurley did the service call on May *554 4, 2006. The elevator was taken out of service overnight and Mr. Hurley performed some type of service on the elevator on May 5, 2006, which is described in the records as “regular maintenance.” Mr. Hurley himself has no memory of the service and /or visit. Mr. Hurley could not recall if any defects were found in regard to the elevator nor what repairs he made. Mr. Hurley notes that there would be no reason to leave a car down over night for routine maintenance only; however, none of the documents produced by Delta describe the work performed by Mr. Hurley on May 4, 2006. Mr. Hurley, however, stated that he would not have put the elevator back into operation if he did not believe it was completely safe. Finally, the parties agree that from the time the subject elevator was put back in service by Mr. Hurley until the time of the plaintiffs incident on May 7, 2006, there were no further reported complaints or problems with the subject elevator.
On May 7, 2006, after the plaintiffs incident the subject elevator was shut down. An inspection of the elevator was conducted on May 8, 2006 and involved a Delta mechanic George Ramien, Jr. and a State Inspector from the Department of Public Safely Mr. James Racicot. Mr. Racicot conducted a visual inspection and concluded that the cause of the incident was a bent car door and door jib that prevented the car doors from closing all of the way. As a result of the door not closing all the way an electrical safety system was triggered causing the elevator to stop. According to Mr. Racicot, the bent door had to have been caused when something struck the door.
There is no evidence submitted in the summary judgment record to establish what struck the door, when the door was struck, or for how long a period the damages to the elevator as described by Mr. Racicot and Mr. Ramien, Jr. existed prior to Ms. Strong’s incident. In addition, while the plaintiff has introduced evidence of a problem with the elevator on May 4, 2006, the evidence through Mr. Hurley, establishes that Delta addressed the problem and put the elevator back into service. Thereafter, there is no evidence that there were any additional problems with the function of that elevator until the plaintiffs incident on the morning of May 7, 2006.
In addition it is undisputed that the repairs to the elevator were undertaken by Delta employees. Further, pursuant to the service agreement it is clear that the Commonwealth of Massachusetts in fulfilling its obligations to service the subject elevator was relying on the expertise of Delta. There is no evidence in the summary judgment record to suggest that Delta was an inappropriate entity to undertake this task and there is no evidence in the summary judgment record to suggest that the Commonwealth of Massachusetts had any independent expertise in this area. In addition the documents that pertain to the repairs and/or service undertaken by Delta are Delta records and there is no evidence that the Commonwealth ofMassachusettspreparedanycontemporaneousrecordsdocumentingtherepairsundertaken, but instead the Commonwealth of Massachusetts relied upon its contractor that is Delta not only to undertake the necessaiy service and/or repairs, but also to prepare the needed documentation relative thereto.
DISCUSSION
Summary judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). “The moving party bears the burden of affirmatively demonstrating the absence of triable issues, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Id. Parties may not rely on bare assertions and conclusions to create a dispute necessaiy to defeat summary judgment. Benson v. Massachusetts General Hospital, 49 Mass.App.Ct. 530, 532 (2000). The court views the evidence in the light most favorable to the nonmoving party, but does not weigh the evidence, assess credibility, or find facts. U.S. Attorney General v. Bailey, 386 Mass. 367, 370-71 (1982).
Under our common law a commercial landlord is liable in tort for injuries arising from unsafe conditions on the landlord’s property only if (1) the landlord contracted to make repairs and made them negligently, or (2) the defect that caused the injury was in a common area or other area appurtenant to the leased area over which the lessor had some control. Chausse v. Coz, 405 Mass. 264, 266 (1989). In the present case the Commonwealth of Massachusetts either as the owner of the property or the landlord had a duty to maintain the subject elevator in a reasonably safe condition since the elevator was in a common area, that is it was a part of the public elevator system and the Commonwealth had contracted with Delta in order to provide for that ongoing service and/or repair of the subject elevator.
However, among the elements of proof required in order to establish the plaintiffs claim the plaintiff must show that the hazardous condition, that is the damage to the elevator that caused it to malfunction, had existed long enough so that in the exercise of reasonable care the Commonwealth of Massachusetts should have discovered that condition and either taken the elevator out of service and/or repaired it prior to the plaintiffs incident. See, Barry v. Beverly Enterprises-Mass., Inc., 419 Mass. 590, 593 (1994); Olivera v. Massachusetts Bay Transpor *555 tationAuthority, 363 Mass. 165, 166 (1973). In the present case there is no evidence in the summary judgment record which allows for a finding that the plaintiff has met her burden of proof in this regard. As stated above, there is no evidence in the summary judgment record to establish how the damage to the elevator occurred, when the damage to the elevator occurred or even that there were any reported problems with the elevator function from May 5, 2006 when it was put back into service up through the time when the plaintiffs incident occurred on the morning of May 7, 2006.
The plaintiff in her opposition suggests that this case falls within the res ipsa loquitur doctrine as established by Wilson v. Honeywell, Inc., 409 Mass. 803 (1991). In order for the doctrine of res ipso locator to apply the plaintiff must demonstrate by a preponderance of the evidence that (1) the instrumentality causing the accident was in the sole and exclusive control and management of the defendant; and (2) the accident is of the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant. If the plaintiff is able to sustain that burden that would allow the jury to accept an inference that the defendant was negligent. See, Wilson v. Honeywell, Inc., 409 Mass. 803 (1991). Simply stated the summary judgment record in this matter is such that the plaintiff cannot meet her burden under No. 1 above nor can she meet her burden at No. 2 above since the Commonwealth did not have sole and exclusive control and management of the elevator and given the stipulated observations of the individual who inspected the subject elevator after the accident there is clear evidence of damage to the structure of the elevator which caused the malfunction something which could clearly happen due to causes that do not attribute negligence to the defendant Commonwealth of Massachusetts. Thus, res ipso locator does not apply in this case.
Finally, the plaintiff asserts a spoliation type argument due to there being some allegations of missing records or deficient records on the part of Delta. Once again this doctrine is not applicable to the Commonwealth of Massachusetts as they are not the Commonwealth’s records and the Commonwealth is not alleged to have engaged in any conduct that would give rise to a spoliation argument.
CONCLUSION
Based on the above court findings and analysis the Defendant Commonwealth of Massachusetts’ Motion for Summary Judgment is ALLOWED and the Plaintiffs Complaint at Count I is herewith DISMISSED.